STATE v. STORM

[228 N.C. App. 272 (2013)]

———————————

STATE OF NORTH CAROLINA
v.
TYLER JAMES STORM

No. COA12-1498

Filed 2 July 2013

1. **Homicide—first-degree murder—jury instructions—specific intent—diminished capacity—intoxication**

The trial court did not err in a first-degree murder case by failing to instruct the jury in its final mandate that the jury should find defendant not guilty of first-degree murder if it had a reasonable doubt that he formed the specific intent to kill based upon his defenses of diminished capacity or intoxication. The trial court gave the instructions as requested by defendant, and the instructions did not constitute plain error.

2. **Evidence—exclusion of lay opinion testimony—psychiatric diagnosis**

The trial court did not abuse its discretion in a first-degree murder case by excluding the testimony from a licensed social worker, who worked with defendant's step-father, that defendant appeared noticeably depressed with flat affect when he was twelve years old. Defendant tendered the social worker as a lay witness and not as an expert, and lay witnesses may not offer a specific psychiatric diagnosis of a person's mental condition. Further, defendant could not demonstrate prejudice.

STATE v. STORM

[228 N.C. App. 272 (2013)]

**3. Criminal Law—prosecutor's argument—depression**

The trial court did not err in a first-degree murder case by failing to intervene *ex mero motu* during the State's closing argument that depression might make you suicidal but it does not make you homicidal. The statement was not so grossly improper that it interfered with defendant's right to a fair trial.

Appeal by defendant from judgment entered 12 April 2012 by Judge Gary M. Gavenus in Buncombe County Superior Court. Heard in the Court of Appeals 22 May 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General H. Dean Bowman, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Andrew J. DeSimone, for defendant-appellant.*

STEELMAN, Judge.

By failing to object to the omission of diminished capacity and voluntary intoxication from the trial court's final mandate to the jury instructions on the charge of murder, defendant failed to preserve this issue for appellate review. The trial court did not commit plain error when it omitted jury instructions on diminished capacity and voluntary intoxication from its final mandate on the charge of murder. The trial court did not abuse its discretion when it prohibited a lay witness from testifying that defendant "appeared noticeably depressed with flat affect." The trial court was not required to intervene *ex mero motu* where the prosecutor's closing argument was not so grossly improper as to interfere with defendant's right to a fair trial.

## I. Factual and Procedural Background

On 18 August 2010, the Buncombe County Sheriff's Department responded to a 911 call made by eighteen-year-old Tyler James Storm (defendant) stating that he had killed his younger brother. Deputies arrived at defendant's residence, arrested defendant, and transported him to the Sherriff's Department where he was interviewed. Defendant admitted that he killed his brother earlier that morning and stated that around midnight, he had consumed two cans of Four Loko beers, containing twelve percent alcohol. Defendant went into the bedroom where his brother was sleeping, and "chopped him up" with a sword.

On 11 July 2011, defendant was indicted for first-degree murder. During his trial, defendant presented evidence that defendant witnessed incidents of domestic violence between his mother and his step-father; that defendant suffered from panic attacks and had trouble sleeping; that defendant was diagnosed with an adjustment disorder with anxious mood in 2000; that defendant was diagnosed as having a generalized anxiety disorder in 2009; and that a doctor prescribed defendant medication in 2009 for that condition.

On 10 April 2012, the jury found defendant guilty of first-degree murder. The trial court sentenced defendant to life imprisonment without parole.

Defendant appeals.

## II. Jury Instructions

[1] In his first argument on appeal, defendant contends that the trial court erred by failing to instruct the jury in its final mandate that "the jury should find [defendant] not guilty of first-degree murder if it had a reasonable doubt that he formed the specific intent to kill based upon his defenses of diminished capacity or intoxication." We disagree.

### A. Preservation of the Issue at Trial

Defendant's request for jury instructions at trial included that the jury be instructed in accord with the following pattern jury instructions: "Section 305.11, Voluntary Intoxication, Lack of Mental Capacity-Premeditated and Deliberate First Degree Murder[;]" "Section 305.11, Diminished Capacity-Premeditated and Deliberate First Degree Murder[;]" and "Section 206.13, First Degree Murder Where a Deadly Weapon is Used, Not involving Self-Defense, covering all Lesser included Homicide Offenses[,] Lesser Included Offenses of Second Degree Murder and Voluntary Manslaughter." During the jury charge conference, the trial court denied defendant's request for an instruction on voluntary manslaughter and granted his requests for instructions in accord with Pattern Jury Instruction 305.11, diminished capacity and voluntary intoxication. The trial court explained where in the charge the defenses would appear, stating "I'll try to incorporate the two instructions on defense into that instruction [on the definition of intent], right before the final mandate." The instructions on diminished capacity and voluntary intoxication given by the trial court contained a mandate in their last paragraph, in accordance with Pattern Jury Instruction 305.11:

Therefore, I charge that if, upon considering the evidence
with respect to the defendant's lack of mental capacity,

you have a reasonable doubt as to whether the defendant formulated the specific intent required for conviction of first-degree murder, you will not return a verdict of guilty of first-degree murder.

. . . .

Therefore, I charge that if, upon considering the evidence with respect to the defendant's intoxication, you have a reasonable double [sic] as to whether the defendant formulated the specific intent required for a conviction of first-degree murder, you will not return a verdict of guilty of first-degree murder.

At no time did defendant request that the final mandate for the offenses of first-degree murder and second-degree murder include voluntary intoxication and diminished capacity nor did defendant object to the placement of these two matters in the jury instructions. Further, Pattern Jury Instruction 305.11 does not suggest that the trial court incorporate the mandate portion of these two matters into the final mandate on the substantive offenses. Defendant failed to object to the trial court's instructions when the trial court gave counsel written copies of its proposed jury instructions before closing arguments, and defendant did not object after the trial court instructed the jury. Defendant was expressly given the opportunity to object on both occasions in accordance with the provisions of Rule 21 of the General Rules of Practice for the Superior and District Courts. The trial court gave the instructions as requested by defendant. Defendant has not properly preserved this issue for appellate review.

### B. Plain Error

Defendant contends in the alternative that if we determine that this issue was not properly preserved, the trial court's failure to include not guilty by reason of diminished capacity and intoxication in the final mandate constitutes plain error. We disagree.

### 1. Standard of Review

Because defendant did not object to the jury instructions at trial, we review the trial court's instructions for plain error. *State v. Davis*, 177 N.C. App. 98, 102, 627 S.E.2d 474, 477 (2006). To demonstrate plain error, a defendant must show that a fundamental error occurred at trial, meaning "that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was

guilty." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citation omitted).

### 2. Analysis

In *State v. Pittman*, 332 N.C. 244, 420 S.E.2d 437 (1992), our Supreme Court held that the trial court did not err by denying defendant's request to include an instruction on diminished capacity in its final mandate. *Id.* at 258-59, 420 S.E.2d at 445. Examining the charge as a whole, the Supreme Court determined that the jury could not have been confused as to the State's burden of proof because "[t]he court included in its charge an instruction that the jury could consider defendant's mental condition in connection with his ability to formulate a specific intent to kill." *Id.* Similarly in *State v. Daughtry*, 340 N.C. 488, 459 S.E.2d 747 (1995), when the trial court gave the substance of the instruction defendant requested, the omission of a final mandate including a voluntary intoxication instruction did not constitute plain error. *Id.* at 516, 459 S.E.2d at 761.

While defendant cites several cases in support of his contention that the omission constituted plain error, none of the cases cited pertain to the defenses of diminished capacity or voluntary intoxication. The cases cited by defendant relate to self-defense and unconsciousness. *See State v. Dooley*, 285 N.C. 158, 165, 203 S.E.2d 815, 820 (1974) (holding that the trial court should have given "a specific instruction on self-defense . . . in [its] final mandate to the jury"); *State v. Tyson*, 195 N.C. App. 327, 339, 672 S.E.2d 700, 708 (2009) ("The trial court's failure to include 'not guilty by reason of unconsciousness' in the final mandate to the jury constitutes plain error[.]"). *But see State v. McNeil*, 196 N.C. App. 394, 404, 674 S.E.2d 813, 819 (2009) ("Although the trial court did not include 'not guilty by reason of self-defense' as a possible verdict in its final mandate, the jury instructions considered as a whole were correct."). Unlike the pattern jury instructions for self-defense, which direct the trial court to include self-defense in its final mandate on the substantive offense, the pattern jury instructions for voluntary intoxication and diminished capacity contain no such direction.

Examining the jury instructions as a whole, the trial court's instructions do not constitute plain error. Following the instructions on first-degree and second-degree murder, the trial court charged the jury on diminished capacity and voluntary intoxication. The trial court's instruction followed the pattern jury instructions and the trial court gave the instruction twice, once for diminished capacity and once for voluntary intoxication. The voluntary intoxication and diminished capacity

instructions each contained mandates, stating that if the jury "[had] reasonable doubt as to whether the defendant formulated the specific intent required for conviction of first-degree murder," they were not to return a verdict of guilty of first-degree murder. These instructions appropriately state the law on diminished capacity and voluntary intoxication. *See State v. Carroll*, 356 N.C. 526, 539-40, 573 S.E.2d 899, 909 (2002) (finding no plain error where the trial court gave pattern jury instructions on diminished capacity). Based upon the facts of this case and considering the trial court's jury instructions as a whole, defendant cannot meet his high burden of showing that the trial court committed plain error.

This argument is without merit.

### III. Lay Opinion

[2] In his second argument, defendant contends that the trial court erred by excluding the testimony from Susan Strain (Strain), a licensed social worker who worked with defendant's step-father, that defendant "appeared noticeably depressed with flat affect" when he was twelve years old. We disagree.

### A. Standard of Review

We review the admissibility of lay opinion testimony for an abuse of discretion. *State v. Washington*, 141 N.C. App. 354, 362, 540 S.E.2d 388, 395 (2000). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

### B. Analysis

The North Carolina Rules of Evidence permit lay witnesses to offer "opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." N.C. Gen. Stat. § 8C-1, Rule 701 (2011). Further, Rule 602 of the North Carolina Rules of Evidence provides that lay witnesses may not testify to a matter unless they have personal knowledge of the matter. N.C. Gen. Stat. § 8C-1, Rule 602 (2011). A lay witness who has had a reasonable opportunity to observe another may offer an opinion on the issue of mental capacity. *State v. Hammonds*, 290 N.C. 1, 5-6, 224 S.E.2d 595, 598 (1976). Lay witnesses who have personal knowledge of a person's mental state may also give an opinion as to an emotional state of another. *State v. Fullwood*, 343 N.C. 725, 736, 472 S.E.2d 883, 889 (1996). However, lay witnesses may not offer a specific psychiatric diagnosis of a person's mental condition.

*State v. Davis*, 349 N.C. 1, 30, 506 S.E.2d 455, 471 (1998). In *Davis*, a jail nurse could not offer a lay opinion that the defendant was "psychotic" based upon personal observations of the defendant because no foundation had been laid to show that the nurse had the expertise to make that diagnosis. *Id.*

In the instant case, defendant called Strain, a licensed clinical social worker, to testify. Strain worked with defendant's step-father for several years beginning in 1998 and testified that she occasionally saw defendant in the lobby of the facility where she worked. The State objected to Strain's proffered testimony that on one occasion in 2003, defendant "appeared noticeably depressed with flat affect." Following a *voir dire* hearing, the trial court allowed Strain to testify to her observation of defendant, but did not permit her to make a diagnosis of depression based upon her brief observations of defendant when he was twelve years old. Defendant tendered Strain as a lay witness and made no attempt to qualify her as an expert. Her opinion was thus limited to the issue of defendant's emotional state and she could not testify concerning a specific psychiatric diagnosis. *Compare Fullwood*, 343 N.C. at 736, 472 S.E.2d at 889, *with Davis*, 349 N.C. at 30, 506 S.E.2d at 471. The statement that defendant "appeared noticeably depressed with flat affect" is more comparable to a specific psychiatric diagnosis than to a lay opinion of an emotional state. Further, her testimony indicated she lacked personal knowledge of the matter because she only saw defendant on occasion in the lobby, her observations of defendant occurred seven years prior to the murder, she did not spend any appreciable amount of time with defendant, and defendant did not present any evidence to indicate Strain had any personal knowledge of defendant's mental state at that time. We cannot say the trial court's ruling limiting Strain's testimony to only her observation of defendant was so arbitrary that it could not have been the result of a reasoned decision. This argument is without merit.

Even assuming *arguendo* that the trial court erred by prohibiting Strain from testifying that defendant was depressed, defendant cannot demonstrate prejudice arising out of this ruling. *See* N.C. Gen. Stat. § 15A-1443(a) (2011) ("A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises."). Defendant presented numerous witnesses at trial who testified concerning his depression and his mental condition: defendant's mother who testified that defendant began suffering from panic attacks when he was thirteen years old and that he had

trouble sleeping; two licensed clinical social workers who worked with defendant and testified that defendant was diagnosed with an adjustment disorder with anxious mood in 2000, that defendant was diagnosed as having a generalized anxiety disorder in 2009, and that a doctor prescribed defendant medication in 2009 for that condition; a provisionally licensed clinical social worker who testified that defendant had a history of violence, that he had a disregard for other people, and that he drank alcohol almost every night; a licensed marriage and family therapist who testified that defendant indicated he was seeking help to address his anger and frustration. Defendant cannot demonstrate that the exclusion of this testimony from Strain, who occasionally saw defendant in her building's lobby, that defendant "appeared noticeably depressed with flat affect" seven years prior to the murder constituted prejudice.

## IV. Closing Argument

**[3]** In his third argument, defendant contends that the trial court erred by failing to intervene *ex mero motu* during the State's closing argument. We disagree.

### A. Standard of Review

> The standard of review for assessing alleged improper closing arguments that fail to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene *ex mero motu*. In other words, the reviewing court must determine whether the argument in question strayed far enough from the parameters of propriety that the trial court, in order to protect the rights of the parties and the sanctity of the proceedings, should have intervened on its own accord and: (1) precluded other similar remarks from the offending attorney; and/or (2) instructed the jury to disregard the improper comments already made.

*State v. Jones,* 355 N.C. 117, 133, 558 S.E.2d 97, 107 (2002) (citation omitted).

### B. Analysis

"A prosecutor must be allowed wide latitude in the argument of hotly contested cases and may argue all the facts in evidence and any reasonable inferences that can be drawn therefrom." *State v. Alford,* 339 N.C. 562, 571, 453 S.E.2d 512, 516 (1995) (citation omitted). Prosecutorial

arguments are not viewed in isolation, but rather are considered within the context and overall factual circumstances in which they are made. *State v. Moseley*, 338 N.C. 1, 50, 449 S.E.2d 412, 442 (1994).

In the instant case, defendant did not object during closing argument, but on appeal contends that the following argument by the prosecutor required intervention by the court because it was unsupported by the evidence: "Depression might make you suicidal. Depression doesn't make you homicidal." During trial, defendant presented evidence from a forensic psychiatrist, Moira Artigues (Artigues), that it is "very common in depression for a person to have suicidal thoughts." The full context of the prosecutor's closing argument is as follows:

> [Artigues] talks about, well, he had a depression, and depression affects the way we think. Depression might make you suicidal. Depression doesn't make you homicidal. Dr. Artigues at one point says it doesn't make sense what he did; therefore, there must have been something wrong. In other words, well, because it doesn't make sense to her that someone would do this, that means there's something wrong. And I would submit to you that's, of course, what a mental health professional is going to think because that's their business, trying to figure out why people do what they do and what's wrong with them when they do it, because certainly committing first-degree murder is wrong, and we don't like to think that people will do that unless something is wrong. But just because it doesn't make sense to us doesn't mean that that's not what he intended to do; that he didn't have the specific intent to kill; that he didn't premeditate that intent and he didn't deliberate it.

It is clear the State was attacking the relevance, weight, and credibility of Artigues' testimony. Considering the context of the argument, Artigues' testimony at trial, and that the prosecutor only made this argument once, we cannot say the statement was so grossly improper that it interfered with defendant's right to a fair trial or the sanctity of the proceedings.

This argument is without merit.

NO ERROR.

Judges CALABRIA and McCULLOUGH concur.