An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-326

Filed 17 December 2025

Iredell County, Nos. 22CR051375-480, 22CR051381-480

STATE OF NORTH CAROLINA

v.

CHRISTOPHER CAMERON WARNER

Appeal by defendant from judgment entered 14 May 2024 by Judge Joseph N. Crosswhite in Iredell County Superior Court. Heard in the Court of Appeals 15 October 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Sarah N. Tackett, for the State.*

> *William D. Spence for defendant-appellant.*

ZACHARY, Judge.

Defendant Christopher Cameron Warner appeals from the trial court's judgment entered upon a jury's verdicts finding him guilty of two counts of statutory sex offense with a child by an adult. On appeal, Defendant argues that "the trial court erred in failing to intervene ex mero motu during the [State]'s improper closing argument" and committed plain error in its delivery of the *Allen* charge to the jury.

After careful review, we conclude that the trial court committed neither prejudicial nor plain error.

## I. Background

On 4 May 2022, an Iredell County grand jury indicted Defendant for several sexual-abuse charges involving his daughter, "Jill."[1]

Defendant's case came on for jury trial in Iredell County Superior Court on 6 May 2024. At the conclusion of the trial, the jury returned verdicts finding Defendant guilty of two counts of statutory sex offense with a child by an adult and not guilty of the remaining charges. The trial court consolidated Defendant's convictions and entered judgment sentencing Defendant to a term of 300 to 420 months' imprisonment in the custody of the North Carolina Department of Adult Correction. The court also entered a permanent no-contact order and required Defendant to register as a sex offender for 30 years.

Defendant gave oral notice of appeal.

## II. Discussion

Defendant argues 1) that "the trial court erred in failing to intervene ex mero motu" during the State's closing argument; and 2) that "the trial court committed plain error" in instructing the jury.

### A. The State's Closing Argument

---

[1] To protect the identity of the juvenile, we adopt the pseudonym which the parties use in their briefs. *See* N.C.R. App. P. 42(b).

First, Defendant contends that the trial court erred in failing to intervene ex mero motu during the State's "improper closing argument."

**1. Standard of Review**

"The standard of review for assessing alleged improper closing arguments that fail to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene ex mero motu." *State v. Huey*, 370 N.C. 174, 179, 804 S.E.2d 464, 469 (2017) (citation omitted). "In other words, the reviewing court must determine whether the argument in question strayed far enough from the parameters of propriety that the trial court, in order to protect the rights of the parties and the sanctity of the proceedings, should have intervened on its own accord." *Id.* (citation omitted).

Thus, we conduct "a two-step analytical inquiry: (1) whether the argument was improper; and, if so, (2) whether the argument was so grossly improper as to impede the defendant's right to a fair trial." *Id.* "Only when it finds both an improper argument and prejudice will this Court conclude that the error merits appropriate relief." *Id.*

**2. Analysis**

"A lawyer's function during closing arguments is to provide the jury with a summation of the evidence, which in turn serves to sharpen and clarify the issues for resolution by the trier of fact, and should be limited to relevant legal issues." *State v. Jones*, 355 N.C. 117, 127, 558 S.E.2d 97, 103 (2002) (cleaned up). "Closing argument

is a reason offered in proof, to induce belief or convince the mind, and the sole object of all such argument is the elucidation of the truth." *Id.* at 127, 558 S.E.2d at 103–04 (cleaned up).

N.C. Gen. Stat. § 15A-1230(a) provides, in relevant part, that in a criminal jury trial, "[d]uring a closing argument to the jury an attorney may not . . . express his personal belief as to the truth or falsity of the evidence." N.C. Gen. Stat. § 15A-1230(a) (2023).

"A prosecutor must be allowed wide latitude in the argument of hotly contested cases and may argue all the facts in evidence and any reasonable inferences that can be drawn therefrom." *State v. Wright,* ___ N.C. App. ___, ___, 920 S.E.2d 249, 256, (2025) (citation omitted). Nevertheless, "[t]he prosecutor may not determine matters of credibility and announce the result in open court—that is the jury's prerogative." *Id.* (citation omitted). "A prosecutor is permitted to address a defendant's multiple accounts of the events at issue to suggest that the defendant had not told the truth on several occasions and the jury could find from this that he had not told the truth at his trial," however, "[a] prosecutor is not permitted to insult a defendant or assert the defendant is a liar." *State v. Greenfield*, 297 N.C. App. 832, 860–61, 912 S.E.2d 213, 233 (2025).

Defendant points to the following statements made by the State during its closing argument as "improper":

Now why should you believe [Jill]? Because her account is

credible, her account is consistent.

. . . .

Is [Defendant's] testimony at all credible? . . . It's not reasonable.

. . . .

None of what [Defendant] said was credible.

Even assuming, *arguendo*, that the remarks in question were improper, Defendant must also show that the remarks were "so grossly improper as to impede [his] right to a fair trial." *Huey*, 370 N.C. at 179, 804 S.E.2d at 469.

"A grossly improper argument is defined as conduct so extreme that it renders a trial fundamentally unfair and denies the defendant due process." *State v. Parker*, 377 N.C. 466, 472, 858 S.E.2d 595, 599 (2021) (cleaned up). Therefore, "[i]t is not enough that the prosecutor['s] remarks were undesirable or even universally condemned." *Huey*, 370 N.C. at 180, 804 S.E.2d at 470 (cleaned up). Indeed, "grossly improper" is such "an exceedingly high bar" that it "applies only when the prosecutor's statements went so far beyond the parameters of propriety that the trial court is forced to intervene to protect the rights of the parties and the sanctity of the proceedings." *State v. Reber*, 386 N.C. 153, 163, 900 S.E.2d 781, 789 (2024) (cleaned up).

"In determining whether the remarks were grossly improper, we consider the context in which the remarks were made, as well as their brevity relative to the

closing argument as a whole." *Wright*, ___ N.C. App. at ___, 920 S.E.2d at 256 (cleaned up); *see also State v. Gibbs*, 335 N.C. 1, 64, 436 S.E.2d 321, 357 (1993) ("Prosecutorial statements are not placed in an isolated vacuum on appeal. Fair consideration must be given to the context in which the remarks were made and to the overall factual circumstances to which they referred." (cleaned up)), *cert. denied*, 512 U.S. 1246, 129 L. Ed. 2d 881 (1994). Moreover, "[w]hen this Court has found the existence of overwhelming evidence against a defendant, we have not found statements that are improper to amount to prejudice and reversible error." *Huey*, 370 N.C. at 181, 804 S.E.2d at 470.

We note that the challenged portions of the State's closing argument consist of 31 words and fewer than a dozen lines of the 18-page transcript of the State's closing argument, the rest of which is unchallenged. Furthermore, there was ample evidence presented of Defendant's guilt, including the testimony of Jill, her friend, her grandmother, her mother, her stepfather, two law enforcement officers, a pediatric nurse practitioner, and a forensic interviewer. Additionally, during Defendant's testimony, he admitted that he repeatedly made Jill lie on the bed without any pants or underwear and spread her legs so that he could "check her privates."

Given the context of the prosecutor's remarks, their relative brevity, and the evidence presented of Defendant's guilt, the State's statements regarding credibility were not "so grossly improper as to impede . . . [D]efendant's right to a fair trial." *Huey*, 370 N.C. at 179, 804 S.E.2d at 469. The trial court did not commit reversible

error by failing to intervene ex mero motu during the prosecutor's closing argument.

**B. *Allen* Charge**

Defendant also argues that the trial court committed plain error "in failing to instruct the jury in accordance with [N.C. Gen. Stat. §] 15A-1235(b)(2)."

**1. Standard of Review**

In criminal cases, certain evidentiary and instructional issues that were not properly preserved by objection at trial and that are not otherwise "deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4).

Defendant concedes that his "trial attorney made no objection" to the jury instructions. Now, Defendant "specifically and distinctly contend[s]" that "the trial court committed plain error by failing to instruct the jury in accordance with [N.C. Gen. Stat. §] 15A-1235" and he seeks plain-error review. *Id.*

For error to constitute plain error, a defendant must satisfy a three-prong test. "First, the defendant must show that a fundamental error occurred at trial." *State v. Gillard,* 386 N.C. 797, 820, 909 S.E.2d 226, 250 (2024) (citing *Reber,* 386 N.C. at 158, 900 S.E.2d at 786). "Second, the defendant must show that the error had a probable impact on the outcome, meaning that absent the error, the jury probably would have returned a different verdict." *Id.* (citation omitted). "Finally, the defendant must show that the error is an exceptional case that warrants plain error review, typically by

showing that the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 820, 909 S.E.2d at 250–51 (citation omitted).

"It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *State v. Melvin*, 364 N.C. 589, 594, 707 S.E.2d 629, 633 (2010) (citation omitted).

### 2. Analysis

"Word for word conformity of the jury instructions to the pattern instructions is not required; substantial conformity is all that is required." *State v. Spencer*, 192 N.C. App. 143, 151, 664 S.E.2d 601, 606 (2008), *disc. review denied*, 363 N.C. 380, 680 S.E.2d 208 (2009). Thus, "[w]hen instructions, viewed in their entirety, present the law fairly and accurately to the jury, the instructions will be upheld." *State v. Smith*, 263 N.C. App. 550, 558, 823 S.E.2d 678, 685 (2019) (citation omitted). "It is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury." *Id.* at 559, 823 S.E.2d at 685 (cleaned up).

"The term '*Allen* charge' is derived from the case of *Allen v. United States*, in which the United States Supreme Court approved the use of jury instructions that encouraged the jury to reach a verdict, if possible, after the jury requested additional instructions from the trial court." *State v. Gordon*, 278 N.C. App. 119, 122, 862 S.E.2d 39, 43 (2021) (citation omitted and italics added); *see Allen v. U.S.*, 164 U.S. 492, 501–02, 41 L. Ed. 528, 530–31 (1896) (discerning no error in trial court's reinstruction to

the jury when it was deadlocked).

N.C. Gen. Stat. § 15A-1235(b) "is the legislatively[ ]approved version of the

*Allen* charge":

> (b) Before the jury retires for deliberation, the judge may give an instruction which informs the jury that:
>
> (1) Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;
>
> (2) Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;
>
> (3) In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and
>
> (4) No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

*State v. Gettys*, 219 N.C. App. 93, 102–03, 724 S.E.2d 579, 586–87 (2012) (quoting

N.C. Gen. Stat. § 15A-1235(b)).

"Every variance from the procedures set forth in N.C. Gen. Stat. § 15A-1235

does not require the granting of a new trial. Clear violations of these safeguards

generally require a finding of prejudicial error." *Id.* at 102, 724 S.E.2d at 586 (cleaned

up). "[T]he instructions in N.C. Gen. Stat. § 15A-1235(b) need not be read verbatim if

the trial court gives the substance of the four instructions." *State v. Ross*, 207 N.C.

App. 379, 387, 700 S.E.2d 412, 418 (2010) (cleaned up), *disc. review denied*, 365 N.C.

346, 717 S.E.2d 377 (2011).

Here, after the jury began deliberating, it sent the trial court a note stating: "[W]e have members that are 100 percent set on both sides. Is there something that we can do further?" The court asked counsel for recommendations; the State suggested an *Allen* charge. The court agreed to deliver an *Allen* charge and asked both counsel to review the proposed charge, to which neither counsel objected. The trial court then had the jury brought into the courtroom and addressed them as follows:

> You're (sic) foreperson informs me that you have been unable to agree upon a verdict. You are reminded that it is your duty to do whatever you can do to reach a verdict. You have a duty to consult with one another and to deliberate with the view toward reaching an agreement if that can be done without violence or individual judgment. *Each must does after that impartial consideration of the fellow jurors.* In the course of your deliberation you should not hesitate to re-examine your own views and change your opinion if you are convinced it may be erroneous. However, you should not surrender your honest conviction as to the wait (sic) or effect of the evidence only because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

(Emphasis added).[2]

The jury continued its deliberations after delivery of the *Allen* charge and returned unanimous verdicts the next day, finding Defendant guilty of two of the

---

[2] We note that this transcript is in poor form. In light of the condition of the transcript as a whole and the fact that the challenged sentence is nonsensical, we are not convinced that it accurately reflects the trial court's words as it delivered the *Allen* charge.

charges brought against him and not guilty of the remainder. The trial court entered judgment consistent with these verdicts.

Defendant takes particular issue with the portion of the *Allen* charge emphasized above: "Each must does after that impartial consideration of the fellow jurors." He "contends that this wording fail[ed] to inform the jurors that they should talk it over with their fellow jurors but each individual juror must decide the case for himself – no matter what the other jurors think" and that "[t]he trial court's failure to properly charge on subsection (b)(2) had a probable impact on the jury's verdict and certainly prejudiced [him]." (Emphasis omitted).

As our Supreme Court has explained, "no clear violation of the statute will be found to exist as long as the trial court g[ave] the substance of the four instructions found in [N.C. Gen. Stat.] § 15A-1235(b)." *State v. Fernandez*, 346 N.C. 1, 23, 484 S.E.2d 350, 364 (1997) (cleaned up). "In other words, the instructions contained in the statute are 'guidelines' and need not be given verbatim." *Gettys*, 219 N.C. App. at 103, 724 S.E.2d at 587 (citing *State v. Jeffries*, 57 N.C. App. 416, 421, 291 S.E.2d 859, 862, *appeal dismissed*, 306 N.C. 561, 294 S.E.2d 374 (1982)).

This Court addressed a similar set of facts in *State v. Massenburg*, in which the defendant failed to object during the trial court's delivery of an *Allen* charge to a deadlocked jury. 234 N.C. App. 609, 611, 759 S.E.2d 703, 705–06 (2014). On appeal, the defendant sought plain-error review of the trial court's failure "to instruct the jury in accordance with section 15A-1235(b)(3)." *Id.* at 613, 759 S.E.2d at 706. We

overruled the defendant's argument, concluding that it was "clear that the trial court's instructions contain[ed] the substance of . . . section 15A-1235(b)" and that "the substance of the instruction fairly apprised the jurors of their duty to reach a consensus after open-minded debate and examination without sacrificing their individually held convictions merely for the sake of returning a verdict." *Id.* at 614, 759 S.E.2d at 707 (cleaned up).

Likewise, here, "[w]e acknowledge that the trial court's [*Allen*] charge [as transcribed] fails to state the words of section 15A-1235(b)[(2)] verbatim. However, it is clear that the trial court's instructions contain the substance of . . . section 15A-1235(b)," *id.*, and "fairly apprised the jurors of their duty to reach a consensus after open-minded debate and examination without sacrificing their individually held convictions merely for the sake of returning a verdict." *Id.* (citation omitted).

Defendant cannot show that the trial court's delivery of the *Allen* charge was plain error. Thus, Defendant's argument is overruled.

## III.    Conclusion

For the foregoing reasons, the trial court did not commit prejudicial or plain error.

NO ERROR.

Judges TYSON and ARROWOOD concur.

Report per Rule 30(e).