IN THE SUPREME COURT OF NORTH CAROLINA

No. 400PA17

Filed 7 December 2018

STATE OF NORTH CAROLINA

v.

PATTY MEADOWS

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 806 S.E.2d 682 (2017), finding no error after appeal from judgments entered on 7 and 8 April 2016 by Judge Gary M. Gavenus in Superior Court, Madison County upon a jury verdict finding defendant guilty following a trial before Judge R. Gregory Horne. Heard in the Supreme Court on 2 October 2018.

*Joshua H. Stein, Attorney General, by Daniel Snipes Johnson, Special Deputy Attorney General, for the State.*

*Michael E. Casterline for defendant-appellant.*

BEASLEY, Justice.

This case requires the Court to consider whether Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure precludes appellate review of sentencing arguments not raised before the sentencing court. We conclude that defendant waived her Eighth Amendment arguments by failing to raise them before the

sentencing court; defendant's nonconstitutional sentencing issues were preserved for appellate review despite her failure to lodge a contemporaneous objection, but are nonetheless meritless. Accordingly, we modify and affirm the decision of the Court of Appeals. As to defendant's ineffective assistance claim, we hold that discretionary review was improvidently allowed.

Following a jury trial, defendant Patty Meadows was convicted of one count each of trafficking opium by sale, trafficking opium by delivery, and trafficking opium by possession. All three counts arose from the same transaction, in which defendant sold seventy-five oxycodone pills to a confidential informant. At trial, after the close of all evidence, defendant sought emergency medical treatment, which prevented her attendance at closing arguments and the jury charge. After deliberating for less than an hour, the jury returned its verdict of guilty on all counts in defendant's absence. Noting that a defendant's presence is required for sentencing, Judge R. Gregory Horne continued the matter to the following day. The next day, defense counsel produced a doctor's note indicating that defendant was medically unable to be present in court at that time. Judge Horne entered a written safekeeping order directing the Sheriff of Madison County to "place the defendant . . . in the custody of the Warden of Central Prison, Wake County, Raleigh, North Carolina for safekeeping pursuant to [N.C.G.S. §] 162-39 until such time as [s]he is needed to face the charges held against [her] in Court or Release Conditions have been satisfied." After Judge Horne entered the safekeeping order, Judge Gary M. Gavenus assumed the bench to conduct

the administrative session scheduled for that day. Later that afternoon, defendant was brought to court and presented to Judge Gavenus for sentencing. Without objection from defendant, Judge Gavenus conducted defendant's sentencing hearing. After hearing the State's summary of the trial evidence and both parties' arguments, Judge Gavenus imposed a minimum sentence of seventy months' imprisonment on each count, with the sentences for two counts to be served concurrently and the third sentence to be served consecutively to the first two.

Defendant appealed, arguing that: (1) defendant received ineffective assistance of counsel; (2) by sentencing defendant, Judge Gavenus improperly overruled Judge Horne's safekeeping order; (3) Judge Gavenus abused his discretion in imposing consecutive sentences on an elderly first offender for a single drug transaction; and (4) defendant's sentences are grossly disproportionate to her offenses in violation of the Eighth Amendment to the United States Constitution. The Court of Appeals found no error in defendant's convictions and sentences, concluding that defendant failed to preserve arguments related to her sentencing as required by Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure and that defendant was not denied effective assistance of counsel. *State v. Meadows*, ___ N.C. App. ___, ___, 806 S.E.2d 682, 686-96 (2017). Defendant petitioned for discretionary review of each issue, which this Court allowed on 9 May 2018. *Meadows*, ___ N.C. ___, 812 S.E.2d 847 (2018)

Defendant's arguments relate mostly to the sentence imposed by Judge Gavenus. As she argued before the Court of Appeals, defendant challenges her sentence as an abuse of discretion, an illegal overruling of one superior court judge by another, and a violation of the Eighth Amendment's prohibition against cruel and unusual punishments.

Despite her failure to voice any objection to her sentence or the sentencing proceedings in the trial court, defendant contends she is entitled to raise these arguments on appeal. Before the Court of Appeals, defendant relied on a line of cases decided by that court holding that the issue preservation requirements of Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure do not apply to errors occurring during a sentencing hearing. The Court of Appeals disagreed, concluding that Rule 10(a)(1) applies to sentencing hearings; accordingly, the Court of Appeals held that defendant had waived her sentencing arguments. *Meadows*, ___ N.C. App. at ___, 806 S.E.2d at 689-96. Before this Court, defendant now argues that sentencing issues are statutorily preserved by N.C.G.S. § 15A-1446(d)(18) (2017); thus, no contemporaneous objection is required.

Under the Constitution of North Carolina, this Court possesses "exclusive authority to make rules of procedure and practice for the Appellate Division." N.C. Const. art. IV, § 13, cl. 2. Accordingly, this Court has promulgated Appellate Rule 10, which states:

> In order to preserve an issue for appellate review, a party

> must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. . . . Any such issue that was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, including, but not limited to, whether the judgment is supported by the verdict or by the findings of fact and conclusions of law, whether the court had jurisdiction over the subject matter, and whether a criminal charge is sufficient in law, may be made the basis of an issue presented on appeal.

N.C. R. App. P. 10(a)(1). Thus, the Appellate Rules generally require that parties take some action to preserve an issue for appeal. *Id.* Exceptions exist, however, allowing a party to raise an issue on appeal that was not first presented to the trial court.

This Court addressed one such scenario in *State v. Canady*, 330 N.C. 398, 410 S.E.2d 875 (1991). There, the defendant raised for the first time on appeal an alleged error in the trial court's finding of an aggravating factor to support an increased sentence. *Id.* at 400, 410 S.E.2d at 877. We held that Rule 10(b)(1), the text of which is now found in Rule 10(a)(1),[1] did not apply to the case because the rule is "directed to matters which occur at trial and upon which the trial court must be given an

---

[1] Rule 10 was amended effective 1 October 2009, and certain provisions were changed and subsections moved. *Compare N.C. Rules of Appellate Procedure*, 363 N.C. 902, 935-38 (2009), *with N.C. Rules of Appellate Procedure*, 287 N.C. 672, 698-702 (1975). Prior to the 2009 amendment, the language currently contained in subdivision (a)(1) was located in subdivision (b)(1).

opportunity to rule in order to preserve the question for appeal." *Id.* at 401, 410 S.E.2d at 878.

The *Canady* opinion has inspired a string of decisions in the Court of Appeals holding that Rule 10(a)(1) categorically does not apply to errors committed during a sentencing hearing. *See State v. Pettigrew*, 204 N.C. App. 248, 258, 693 S.E.2d 698, 704-05, *appeal dismissed*, 364 N.C. 439, 706 S.E.2d 467 (2010); *State v. Curmon*, 171 N.C. App. 697, 703-04, 615 S.E.2d 417, 422-23 (2005); *State v. Hargett*, 157 N.C. App. 90, 92-93, 577 S.E.2d 703, 705 (2003). To derive such a categorical rule from *Canady*, however, one must ignore the opinion's rationale. In that case, we considered the purpose of Rule 10(a)(1): "to require a party to call the court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal." *Canady*, 330 N.C. at 401, 410 S.E.2d at 878. Thus, we noted that the rule discourages gamesmanship; a party may not simply "allow evidence to be introduced or other things to happen during a trial as a matter of trial strategy and then assign error to them if the strategy does not work." *Id.* at 402, 410 S.E.2d at 878. Rather than create a categorical rule, we concluded that the danger of gamesmanship was not present in *Canady* and held that no contemporaneous objection was required to preserve the issue for appellate review in that case. *Id.* at 402, 410 S.E.2d at 878 ("The defendant did not want the court to find the aggravating factor, and the court knew or should have known it. This is sufficient to [preserve the issue for appellate review].").

Here, defendant requested that all three sentences be consolidated, which would have resulted in a sentence of seventy to ninety-three months' imprisonment. Defense counsel argued in support of the requested sentence, noting defendant's advanced age, poor health, and previously clean criminal record. After hearing arguments, Judge Gavenus consolidated only two of the three sentences, resulting in a 140-month minimum term of imprisonment. As in *Canady*, the sentencing court "knew or should have known" defendant sought the minimum possible sentence. Accordingly, defendant need not have voiced a contemporaneous objection to preserve her nonconstitutional sentencing issues for appellate review.

Defendant's sentencing issues are also preserved by statute. In N.C.G.S. § 15A-1446(d) (2017), the General Assembly enumerated a list of issues it deems appealable without preservation in the trial court. One such issue is an argument that "[t]he sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law." *Id.* § 15A-1446(d)(18). Although this Court has held several subdivisions of subsection 15A-1446(d) to be unconstitutional encroachments on the rulemaking authority of the Court,[2] subdivision (18) is not one of them. In *State v.*

---

[2] *See State v. Stocks*, 319 N.C. 437, 439, 355 S.E.2d 492, 493 (1987) (holding N.C.G.S. § 15A-1446(d)(5) unconstitutional because its provision that errors based on insufficiency of evidence are reviewable without objection at trial conflicted with Appellate Rule 10(b)(3), which prohibited a defendant from "assign[ing] as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action, or for judgment as in case of nonsuit, at trial"); *State v. Bennett*, 308 N.C. 530, 535, 302 S.E.2d 786, 790 (1983) (holding unconstitutional N.C.G.S. § 15A-1446(d)(13), which allowed for appellate review of errors in

*Mumford*, 364 N.C. 394, 403, 699 S.E.2d 911, 917 (2010), the Court explained that a statutory provision governing the preservation of issues for purposes of appellate review is unconstitutional only if it conflicts with a "specific provision[ ] of our appellate rules rather than the general rule stated in Rule of Appellate Procedure 10(a)." Because no such conflict existed, the Court upheld subdivision 15A-1446(d)(18). Accordingly, defendant's nonconstitutional sentencing arguments are preserved by statute.

Nonetheless, although it was error for the Court of Appeals to decline to address defendant's sentencing arguments, defendant is not entitled to relief on appeal because those arguments are meritless.

Defendant's argument that Judge Gavenus "overruled" Judge Horne's safekeeping order by sentencing her is unavailing. First, a judge other than the trial judge may conduct a defendant's sentencing hearing. *State v. Sauls*, 291 N.C. 253, 263-64, 230 S.E.2d 390, 396 (1976), *cert. denied*, 431 U.S. 916, 53 L. Ed. 2d 226 (1977). Furthermore, neither the order nor Judge Horne's oral remarks indicated that he wished to retain jurisdiction over the matter or to delay sentencing. The order merely

the jury charge without an objection having been raised at trial, despite then-Appellate Rule 10(b)(2)'s provision to the contrary); *State v. Elam*, 302 N.C. 157, 159-61, 273 S.E.2d 661, 663-64 (1981) (holding unconstitutional N.C.G.S. § 15A-1446(d)(6), which provided that a defendant may appeal based on an argument made for the first time on appeal that the defendant "was convicted under a statute that is in violation of the Constitution of the United States or the Constitution of North Carolina," although Appellate Rule 14(b)(2) required that a constitutional challenge be "timely raised (in the trial tribunal if it could have been, in the Court of Appeals if not)").

stated that defendant was to be held in custody "*until such time as [she] is needed* to face the charges held against [her] in Court or Release Conditions have been satisfied." From the bench, Judge Horne stated that the Department of Adult Correction should "evaluate [defendant's] situation *until such time as sentencing can be scheduled* and entered before *a court* of competent jurisdiction." (emphasis added). Judge Horne could have, but did not, say defendant should be held "until *I* can sentence her" or "until she can be brought before *me* for sentencing." Instead, Judge Horne's oral remarks and written order indicate an awareness that defendant might be sentenced by some other judge, so long as that judge presided over a court of competent jurisdiction.

Defendant's argument that Judge Gavenus abused his discretion in sentencing her is similarly meritless. A sentence "within the statutory limit will be presumed regular and valid," unless "the record discloses that the court considered irrelevant and improper matter[s] in determining the severity of the sentence." *State v. Johnson*, 320 N.C. 746, 753, 360 S.E.2d 676, 681 (1987) (citing and quoting *State v. Boone*, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977)). Defendant here states that Judge Gavenus must have been influenced by defendant's decision to take her case to trial because there is no other explanation for the harshness of the imposed sentence. Defendant's conclusory accusation lacks any support in the record. Because there is no reason to believe Judge Gavenus was influenced by irrelevant or

improper considerations, the within-limits sentence imposed here is presumed proper.

Although defendant's nonconstitutional sentencing issues are preserved without contemporaneous objection consistent with *Canady* and N.C.G.S. § 15A-1446(d), constitutional issues are not. Rule 14(b)(2) of the North Carolina Rules of Appellate Procedure requires that a constitutional issue must have been "timely raised (in the trial tribunal if it could have been, in the Court of Appeals if not)" as a prerequisite to appellate review in this Court. Further, this Court has consistently held that "[c]onstitutional questions not raised and passed on by the trial court will not ordinarily be considered on appeal." *State v. Davis*, 364 N.C. 297, 301, 698 S.E.2d 65, 67 (2010) (quoting *State v. Tirado*, 358 N.C. 551, 571, 599 S.E.2d 515, 529 (2004), *cert. denied sub nom. Queen v. North Carolina*, 544 U.S. 909, 161 L. Ed. 2d 285 (2005)). This is true even when a sentencing issue is intertwined with a constitutional issue. *See, e.g., id.* at 301-02, 698 S.E.2d at 67 (holding that the defendant's constitutional double jeopardy argument was waived for failure to object at trial); *State v. Madric*, 328 N.C. 223, 231, 400 S.E.2d 31, 36 (1991) (same). Because defendant failed to argue to the sentencing court that the sentence imposed violates the Eighth Amendment, she may not raise that argument on appeal.

For the reasons stated, we hold that defendant waived her Eighth Amendment argument by failing to raise it before the sentencing court. Moreover, with regard to defendant's nonconstitutional sentencing arguments, we conclude that they were

preserved for appellate review, but are meritless.  Finally, we hold that discretionary review was improvidently allowed as to defendant's ineffective assistance claim.


MODIFIED AND AFFIRMED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.