ARROWOOD, Judge.
*140 *85 Darren Lynn Johnson ("defendant") appeals from judgments entered on various drug related offenses. For the following reasons, we vacate the judgments and remand for resentencing.
I. Background
During an undercover narcotics operation conducted by the Rowan County Sheriff's Department, officers purchased what they believed to be narcotics from defendant during controlled buys on 7, 12, and 28 April 2016 and on 11 May 2016. Following the exchange on 11 May 2016, officers initiated a traffic stop and pulled defendant over, *86 searched the occupants of the vehicle, recovered what was believed to be additional narcotics from defendant, and arrested defendant. On 12 September 2016, a Rowan County Grand Jury returned indictments charging defendant with two counts of possession with intent to sell or distribute ("PWISD") heroin, two counts of selling heroin, two counts of trafficking in heroin by possession, two counts of trafficking in heroin by transport, two counts of trafficking in heroin by selling, one count of PWISD a schedule II controlled substance (methylphenidate hydrochloride), one count of PWISD cocaine, and one count of PWISD a schedule IV controlled substance (alprazolam).
Defendant's case was tried in Rowan County Superior Court before the Honorable Lori I. Hamilton beginning on 13 February 2018. On 14 February 2018, the jury returned verdicts finding defendant guilty on one count of PWISD heroin, two counts of selling heroin, one count of trafficking in heroin more than 4 grams but less than 14 grams by possession, one count of trafficking in heroin more than 4 grams but less than 14 grams by transportation, one count of trafficking in heroin more than 4 grams but less than 14 grams by selling, and one count of PWISD a schedule II controlled substance (methylphenidate hydrochloride). The trial court dismissed the other indicted offenses either because of an error in the indictment or because the lab results showed no controlled substances were discovered during testing of the substances believed to be controlled substances.
Upon return of the jury verdicts, the trial court consolidated some offenses and entered four judgments as follows: the trial court (1) consolidated the convictions for PWISD heroin with the two counts of selling heroin and sentenced defendant at the top of the presumptive range to a term of 14 to 26 months; (2) sentenced defendant for trafficking in heroin by possession to a consecutive mandatory term of 70 to 93 months; (3) consolidated the convictions for trafficking in heroin by transport and trafficking in heroin by selling and sentenced defendant to a second consecutive mandatory term of 70 to 93 months; and (4) sentenced defendant for PWISD schedule II controlled substance (methylphenidate hydrochloride) at the top of the presumptive range to a concurrent term of 8 to 19 months. Defendant filed notice of appeal on 26 February 2018.[1]
*87 II. Discussion
On appeal, defendant raises issue with his sentencing and does not otherwise challenge the validity of his convictions. Thus, we review only the sentencing.
As specified above, the trial court sentenced defendant at the top of the presumptive range to concurrent terms for the non-trafficking offenses, and consolidated two of the three trafficking offenses and sentenced defendant to two consecutive terms for the trafficking offenses, the length of which is mandated in N.C. Gen. Stat. § 90-95(h)(4), to begin upon completion of the non-trafficking sentences. Defendant acknowledges that the trial court has great discretion in imposing sentences, both in terms of length and how multiple sentences are structured, and does not assert the sentences imposed in this case *141 are in and of themselves improper. However, defendant argues "[t]he error arose not from any specific term chosen by the trial court, but by the court's clear indication that she chose [defendant's] sentence based on her improper consideration of matters unrelated to his charges." Specifically, defendant contends "[t]he trial court improperly considered her personal knowledge of unrelated charges arising from a heroin-related death in her home community when sentencing defendant."
It is well established that "[a] sentence within the statutory limit will be presumed regular and valid." State v. Boone , 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). However, our Supreme Court long ago recognized that "such a presumption is not conclusive. If the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence, the presumption of regularity is overcome, and the sentence is in violation of defendant's rights." Id . "The extent to which a trial court imposed a sentence based upon an improper consideration is a question of law subject to de novo review." State v. Pinkerton , 205 N.C. App. 490, 494, 697 S.E.2d 1, 4 (2010), rev'd on other grounds , 365 N.C. 6, 708 S.E.2d 72 (2011).
N.C. Gen. Stat. § 15A-1340.12 provides that "[t]he primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior." N.C. Gen. Stat. § 15A-1340.12 (2017). To that end, "[t]his Court has held that in determining the sentence to be imposed, the trial judge may consider *88 such matters as the age, character, education, environment, habits, mentality, propensities and record of the defendant." State v. Morris , 60 N.C. App. 750, 754-55, 300 S.E.2d 46, 49 (1983). The trial judge may also take into account the seriousness of a particular offense when exercising its discretion to decide the minimum term to impose within the presumptive range. State v. Oakes , 219 N.C. App. 490, 497-98, 724 S.E.2d 132, 137-38 (2012).
On the other hand, our Courts have held it is improper during sentencing for a trial judge to consider a defendant's refusal to accept a plea offer, Boone , 293 N.C. at 712, 239 S.E.2d at 465, the financial status of a defendant, State v. Massenburg , 234 N.C. App. 609, 615, 759 S.E.2d 703, 707-708 (2014), the religious beliefs of either a defendant or the judge, State v. Earls , 234 N.C. App. 186, 194, 758 S.E.2d 654, 659, disc. review denied , 367 N.C. 791, 766 S.E.2d 643 (2014), and conduct not included in the indictment, State v. Swinney , 271 N.C. 130, 133, 155 S.E.2d 545, 548 (1967).
In the present case, defendant contends it is clear from the trial judge's remarks during sentencing that the trial judge improperly considered her personal knowledge of matters not included in the record when sentencing him. Those remarks appear in the transcript of the sentencing hearing as follows:
Okay. Even more importantly to me, at least one of the people that was mentioned during the debriefing interview was a person that I happened to know was charged with a homicide in providing heroin to a person in Davie County who died. I'm concerned that those of you who are dealing in heroin in my community are causing the deaths of people in my community.
So it is not just, "Oh, well, you know, I was just maybe dealing a little drugs." It is actually a link in the chain that is leading to the deaths of tens of thousands of people in our country. It is a big deal to me. A big deal.
The trial court made these statements after hearing arguments from the defense and the State, and just before announcing defendant's sentence.
Upon review of the record, we find no mention in the evidence of the homicide referenced by the trial judge before it is brought up during sentencing. As defendant points out, the trial judge's statement appears to refer to the judge's personal knowledge that a person named by defendant during *142 an interview with police on 11 May 2016, which was *89 introduced into evidence at trial, is charged for a drug related homicide in her community.
The State does not dispute that there was no evidence of the homicide charge in the record; nor does the State contend the homicide charge was relevant to defendant's sentencing. Instead, the State contends the trial judge's statement must be considered in context, see State v. Shaw , 207 N.C. App. 369, 372, 700 S.E.2d 62, 64, disc. review denied , 364 N.C. 621, 705 S.E.2d 357 (2010), and frames the trial judge's statement solely a reflection on the seriousness of the drug offenses, which is an appropriate consideration under Oakes , 219 N.C. App. at 497-98, 724 S.E.2d at 137-38. The State contends the trial judge's reference to a personal anecdote does not diminish the trial court's consideration of the seriousness of drug offenses, which is widely acknowledged and accepted. The State also asserts defendant cannot cite any case law that it was improper for the judge to consider her personal knowledge of the community.
We agree with the State that the trial judge's remarks must be considered in context and that the seriousness of drug crimes is well recognized and a valid consideration. If the trial court had only addressed the severity of the offenses by reference to the effects of the drug epidemic in her community or nationwide, there would be no issue in this case. In U.S. v. Bakker , 925 F.2d 728 (4th Cir. 1991), the Court noted that "[t]o a considerable extent a sentencing judge is the embodiment of public condemnation and social outrage" and recognized "that a sentencing court can consider the impact a defendant's crimes have had on a community and can vindicate that community's interests in justice." Bakker , 925 F.2d at 740 (citation omitted). Nevertheless, the Court in Bakker held the sentencing judge exceeded the boundaries of due process when the judge impermissibly took his own religious characteristics into account in sentencing the defendant. Id . at 740-41.
Here, however, the trial judge did not just consider the impact of defendant's drug offenses on the community, but clearly indicated in her remarks that she was considering a specific offense in her community for which defendant was not charged. We now reiterate that, upon hearing sentencing arguments by the defense and the State, the trial judge stated, "[e]ven more importantly to me, at least one of the people that was mentioned during the debriefing interview was a person that I happened to know was charged with a homicide in providing heroin to a person in Davie County who died." It is hard to imagine how the trial court could have been any more clear that the unrelated homicide charge was a significant consideration.
*90 Both parties acknowledge that it is improper for the trial judge to consider matters not charged in the indictments. Here the trial judge did just that. Instead of attempting to draw a bright line as to when matters within the personal knowledge of the trial judge cross the bounds of impropriety, we simply hold the trial judge crossed the line in this case by considering her personal knowledge that a person mentioned by defendant was charged with a drug related homicide in her community when there is no mention of the charge in the indictments or the evidence at trial.
The prejudice resulting from the trial judge's improper consideration is harder to pinpoint than the impropriety itself because, as defendant acknowledges, the terms imposed for the offenses are not improper. The length of the sentences imposed for the trafficking offenses were mandated by statute. See N.C. Gen. Stat. § 90-95(h)(4) (2017). For the non-trafficking offenses, the trial judge had discretion to choose any minimum term within the presumptive range authorized by N.C. Gen. Stat. § 15A-1430.17, and did so, albeit at the top of the presumptive range. See State v. Parker , 143 N.C. App. 680, 685-86, 550 S.E.2d 174, 177 (2001) ("The Structured Sentencing Act clearly provides for judicial discretion in allowing the trial court to choose a minimum sentence within a specified range."). Any prejudice in defendant's sentencing resulted from the exercise of the trial judge's discretion concerning which offenses to consolidate for judgment and how to run the multiple sentences; there were *143 many possibilities from which the trial judge could choose.
Given that the sentences imposed were not impermissible, both parties agreed at oral arguments that if defendant is granted a new sentencing hearing and receives the same sentence, the sentence would be proper. Nevertheless, when confronted with a question about prejudice at oral argument, the State conceded that if the trial judge's comment was improper, the case should be remanded for resentencing.
While we cannot ascertain from the record the precise impact the improper consideration had on the sentences handed down by the trial judge, it is evident from the judge's statement that the improper consideration was important in sentencing. Similar to the Court's holding in Boone , although the trial judge may have sentenced defendant fairly in this case, because there is a clear inference based on the judge's statement during sentencing that a greater sentence was imposed because of her personal knowledge of a drug related homicide charge in her community not charged in this case, the case must be remanded for resentencing without consideration of matters outside the indictments and record. See Boone 293 N.C. at 712-13, 239 S.E.2d at 465.
*91 III. Conclusion
For the above reasons, we vacate the judgment and remand the matter for resentencing.
VACATED AND REMANDED FOR RESENTENCING.
Judge STROUD concurs.
Judge TYSON respectfully dissents by separate opinion.

Defendant filed a conditional petition for writ of certiorari with this Court on 25 September 2018 because of deficiencies in the notice of appeal. We allow the petition and address the merits of defendant's appeal.