IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1097

Filed 15 October 2024

Rowan County, Nos. 21 CRS 771, 51901

STATE OF NORTH CAROLINA

v.

RAJI MILLS

Appeal by defendant from judgments entered 16 February 2023 by Judge Mike Adkins in Rowan County Superior Court. Heard in the Court of Appeals 13 August 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Sage A. Boyd, for the State.*

> *Stephen G. Driggers for defendant-appellant.*

ZACHARY, Judge.

Defendant Raji Mills appeals from the trial court's judgments entered upon a jury's verdicts finding him guilty of two counts of robbery with a dangerous weapon and one count of possession of a firearm by a felon. Defendant does not challenge his convictions; he challenges only the trial court's sentencing upon those convictions. We conclude that Defendant has failed to show any sentencing error.

## **BACKGROUND**

On 2 August 2021, Defendant was indicted for two counts of robbery with a dangerous weapon and one count of possession of a firearm by a felon. On 13 February 2023, the day before Defendant's case came on for jury trial, Defendant rejected the State's plea offer. The next day, when this matter was called for trial, Defendant failed to appear. The trial court set Defendant's bond at one million dollars, stating:

> I'm going to set his bond at a million because he -- you know, this is reckoning day. And [it] seemed to be he was bouncing back and forth all day yesterday, and now that he's facing [the] reality of, you know, having to be held accountable for what he's done he's not here.
>
> . . . .
>
> John Wayne says life is tough, it's tougher if you're stupid, and [Defendant has] made a bad decision, another bad decision today.

Prior to jury selection, Defendant arrived. He was taken into custody and the trial proceeded without any mention of his tardiness or choice to proceed to trial.

On 16 February 2023, the jury returned verdicts finding Defendant guilty of all three charges. At sentencing, the State requested that the trial court impose consecutive sentences:

> THE COURT: All right. [Does the] State want to be heard on sentencing other than prior record level?
>
> [THE STATE]: Yes, sir. The [S]tate would request these sentences to run consecutive to each other based in part o[n] [Defendant]'s record. And Your Honor's heard a lot of testimony about the nature of these crimes. And I also have a victim impact statement here from [one of the robbery victims] who . . . wanted to address the Court . . . . His

request would also be of the Court to run these sentences consecutively.

So, again, based on the nature of the testimony and [Defendant]'s record that Your Honor has before you, those prior felony convictions, it does appear [that Defendant] has been previously convicted of possession of a firearm by [a] felon. As Your Honor knows, robbery with a dangerous weapon is just a hairline away from murder, that's all it takes is to pull the trigger, and there were two of these. You've heard from the two victims whose lives were impacted, and based on [Defendant]'s sentencing record I would ask the Court to run these all consecutively.

Defendant then stipulated to his prior record level but asked that the trial court run his sentences concurrently.

During its oral rendering of Defendant's sentence, the trial court directly addressed Defendant:

THE COURT: . . . I don't know what transpired to cause you to go out of five years of not having been in trouble and decide to jump in feet first into . . . the deep end of the pool, but an armed robbery is one of the more serious things that can happen in this society. It is, as the former district attorney Bill Kenerly used to say, six pounds of pressure from being a murder. At the distance that these victims were from the people holding the firearms, there would have been no missing.

. . . .

I want to sentence you for what you've done, all right? . . . I'm not passing judgment upon you as a person. I'm passing judgment on your actions.

Your attorney makes the point that you have the constitutional right to a jury trial. I'm not going to punish you for exercising that; however, the law also allows me in

my sentencing discretion to consider a lesser sentence for people who step forward and take responsibility for their actions. By exercising your right to a jury trial[,] you never ever did that.

After remarking that it had "considered the evidence and the arguments of counsel, statements from the victim," the trial court imposed consecutive terms of 84 to 113 months for the robbery with a dangerous weapon convictions, those sentences being in the presumptive range for that offense given Defendant's prior record level. The trial court also sentenced Defendant to 17 to 30 months for the possession of a firearm by a felon conviction, which the trial court suspended for 36 months' supervised probation.

Defendant filed timely written notice of appeal on 20 February 2023.

## DISCUSSION

Defendant presents a single argument on appeal: that certain of the "trial court's pretrial comments," together with its statements at sentencing, "created an inference that [Defendant's] choice to have a jury trial was improperly considered during his sentencing." For those reasons, Defendant contends that "[a]lthough [his] sentences were within the presumptive range, they are improper as a matter of law" such that he is entitled to resentencing. The State, by contrast, contends that "the trial court's statements were an accurate reflection of the law" and were not made in error. We agree with the State's position.

"The general rule is that a judgment is presumed to be valid and will not be disturbed absent a showing that the trial [court] abused [its] discretion." *State v. Pickens*, 385 N.C. 351, 359–60, 893 S.E.2d 194, 200 (2023) (citation omitted). "A decision entrusted to a trial [court]'s discretion may be reversed only if it is manifestly unsupported by reason or so arbitrary that it could not have been a reasoned decision." *Id.* at 360, 893 S.E.2d at 200 (citation omitted). However, "[t]he extent to which a trial court imposed a sentence based upon an improper consideration is a question of law" that this Court reviews de novo. *State v. Johnson*, 265 N.C. App. 85, 87, 827 S.E.2d 139, 141 (2019) (citation omitted).

"A sentence within the statutory limit will be presumed regular and valid." *State v. Tice*, 191 N.C. App. 506, 511, 664 S.E.2d 368, 372 (2008) (citation omitted). Yet "[i]t is well established that a criminal defendant may not be punished at sentencing for exercising his constitutional right to trial by jury." *Id.* (cleaned up). Accordingly, trial courts must "ensure that sentencing decisions are not based upon a defendant's decision to proceed to trial[.]" *Id.* at 516, 664 S.E.2d at 375.

In light of that precedent, error is shown where the trial court's "statements at the sentencing hearing clearly establish that he is punishing the defendant for not accepting the plea bargain offered by the State." *State v. Pinkerton*, 205 N.C. App. 490, 507, 697 S.E.2d 1, 11 (2010) (Hunter, J., dissenting), *rev'd for the reasons stated in the dissent*, 365 N.C. 6, 708 S.E.2d 72 (2011). Nonetheless, the "mere reference to a defendant's refusal to enter a guilty plea as the basis for determining the

defendant's sentence . . . does not necessitate an award of appellate relief[.]" *Id.* at 504, 697 S.E.2d at 10.

For example, in *Tice*, the trial court remarked to the defendant at sentencing:

> I imagine you've got to be feeling awfully dumb . . . right now. You've had ample opportunities to dispose of this case. The State has given you ample opportunity to dispose of it in a more favorable fashion and you chose not to do so. And I'm not sure if you thought that you were smarter than everybody else or that everybody else was just dumb.

*Tice*, 191 N.C. App. at 513, 664 S.E.2d at 373.

This Court rejected the defendant's argument that the sentencing court's statements "indicate[d] that [the] defendant received the sentences that he did because he chose to exercise his right to a jury trial[.]" *Id.* at 514, 664 S.E.2d at 374. In reaching that holding, we explained that

> the remarks in this case, when viewed in context, [do not] indicate an improper motivation. The totality of the trial [court]'s remarks reveals that [it] was not sentencing [the] defendant more severely for choosing to reject a plea bargain, but rather *the trial [court] was focusing on [its] conclusion that [the] defendant had submitted false testimony and "fabricated" testimony from other witnesses.* The trial [court]'s initial comments referencing the plea bargain appear to be an unfortunate comment on [the] defendant's strategic gamble to forego a plea to a misdemeanor in favor of defending against substantial evidence with fabricated evidence. While such comments are unnecessary, they do not necessarily mandate—in light of the trial [court]'s further explanation—the conclusion that the trial [court] was basing [its] choice of sentence on [the] defendant's exercise of his constitutional right to a jury trial.

*Id.* (emphasis added).

In *Pinkerton*, the defendant based his appellate challenge on several statements made during both the pretrial and sentencing hearings. On appeal, a divided panel of this Court determined that the trial court had erroneously considered and punished the defendant for rejecting the State's negotiated plea offer and opting instead to exercise his constitutional right to a jury trial. *Pinkerton*, 205 N.C. App. at 502–03, 697 S.E.2d at 8–9 (majority opinion). In reaching this conclusion, the majority singled out as improper two of the trial court's statements to the defendant during sentencing: "I'm not punishing you for not pleading guilty" and "I would have rewarded you for pleading guilty." *See id.* at 505–06, 697 S.E.2d at 11 (Hunter, J., dissenting). Particularly, the majority concluded that the trial court's statement, "I would have rewarded you for pleading guilty," was impermissible error. *Id.* at 502, 697 S.E.2d at 8–9 (majority opinion) ("[I]t is difficult for us to read the trial court's comment that he would have rewarded [the d]efendant for pleading guilty as anything other than an acknowledgement that [the d]efendant's sentence was heavier than it otherwise would have been had [he] not exercised his right to trial by jury.").

By contrast, the dissenting judge—whose reasoning would be adopted by our Supreme Court[1]—opined that there was "nothing improper about" these statements because they were simply "truthful assertion[s]":

> Clearly, every plea bargain serves to reward the defendant for admitting his or her guilt and saving the State the time and expense of trial. The reward is, in actuality, offered by the State, not the trial court. In approving the bargain reached between the State and the defendant, the trial court is then, in effect, rewarding the defendant with a sentence that is presumably less than it would have been had the defendant been convicted by a jury. Once the State has proceeded to try the defendant and he is convicted of the crimes charged, the State no longer seeks to reward the defendant. At that point, the trial court . . . is responsible for sentencing [the] defendant . . . . At this stage in the trial process, it would be illogical to expect the trial [court] to reward [the] defendant . . . .

*Id.* at 506, 697 S.E.2d at 11 (Hunter, J., dissenting).

Moreover, a criminal defendant is typically "informed by the trial court that he will be exposing himself to a longer term of imprisonment if he goes to trial and is convicted. A harsher penalty is a risk that the defendant bears when he elects to reject a plea bargain and proceeds to trial." *Id.* at 507, 697 S.E.2d at 11. "That harsher penalty is *not* a punishment for rejecting the plea"; rather, upon conviction, the trial court "is entitled to sentence the defendant to a term of imprisonment for each crime

---

[1] *Pinkerton* was further appealed to our Supreme Court, which ultimately reversed our Court's decision for "the reasons stated in the dissenting opinion." *State v. Pinkerton*, 365 N.C. 6, 708 S.E.2d 72 (2011) (per curiam).

he is convicted of, and, in [the court's] discretion, to run those sentences concurrently or consecutively." *Id.*

In this case, Defendant takes issue with comments by the trial court both prior to trial and at his sentencing, after the jury's return of guilty verdicts. Our careful review of the transcript shows that these challenged pretrial remarks, in context, plainly result from and refer to the trial court's frustration that Defendant failed to appear when his case was called for trial, which the court may have considered to be a show of disrespect for the judicial process or an indication that Defendant was considering flight to avoid the consequences of his alleged crimes. Regardless, we fail to see how these comments implicate Defendant's potential sentencing in any manner. The trial court did not refer to any plea offers or potential sentences, but rather focused solely on setting bail at a level that would ensure Defendant's presence at trial. Accordingly, Defendant's case citations are inapposite and his argument as to these pretrial remarks is misplaced.

Turning to Defendant's contention that the trial court's comments at sentencing were constitutionally impermissible, we are similarly not persuaded. Defendant challenges the trial court's comments that Defendant had "the constitutional right to a jury trial" and the trial court was "not going to punish [him] for exercising" that right, but "the law also allow[ed] [the trial court] in [its] sentencing discretion to consider a lesser sentence for people who step forward and

take responsibility for their actions[,]" and that "[b]y exercising [Defendant's] right to a jury trial [Defendant] never ever did that."

As in *Pinkerton*, the trial court here "specifically stated that [it] was *not* punishing [D]efendant for going to trial, and [we] see no reason to disbelieve" the trial court. *Id.* at 507, 697 S.E.2d at 11–12. As to the court's comment regarding its discretion to impose "a lesser sentence for people who step forward and take responsibility for their actions[,]" this is merely a "truthful assertion" regarding the discretion accorded by the General Assembly to trial courts under our statutory sentencing scheme. *Id.* at 506, 697 S.E.2d at 11 ("[N]o error in the trial court's comment, which took place after trial, that had defendant accepted the plea bargain, he would have been rewarded."); *see also* N.C. Gen. Stat. § 15A-1340.16(e)(15) (2023) (providing a mitigating factor at sentencing for a "defendant [who] has accepted responsibility for the defendant's criminal conduct").

Importantly, the court did not suggest, much less explicitly state, that it was imposing a harsher sentence because Defendant invoked his right to a jury trial. *See Pickens*, 385 N.C. at 362, 893 S.E.2d at 202 ("The trial court in [this] case did not explicitly state that it was giving [the defendant] a harsher sentence because he chose to exercise his right to a jury trial."). Instead, "it is clear that the trial [court was] commenting on [Defendant's] missed opportunity to dispose of [his] case[ ] in a more favorable fashion," *Pinkerton,* 205 N.C. App. at 508, 697 S.E.2d at 12 (Hunter, J.,

dissenting) (cleaned up), by taking responsibility for his crimes and using that action to appeal to the trial court's sentencing discretion.

"The trial court proceeded to sentence [D]efendant within the presumptive range to [two] consecutive sentences" for the two counts of robbery with a dangerous weapon. *Id.* at 507, 697 S.E.2d at 12. "The trial court was statutorily permitted to impose this sentence, it is presumed regular and valid, and [we] see no improper basis for the sentence." *Id.* (cleaned up). Further, we note that the trial court not only imposed presumptive range sentences on the robbery counts; it also elected to suspend Defendant's sentence on the conviction for possession of a firearm by a felon. "[B]ecause the trial court's remarks did not overcome the presumption that the trial court's sentence was valid[,]" *id.* at 508, 697 S.E.2d at 12, Defendant's argument is overruled.

## CONCLUSION

For the reasons stated herein, we hold that Defendant has failed to demonstrate any error in his sentence.

NO ERROR.

Judges CARPENTER and WOOD concur.