MURPHY, Judge.
 

 *340
 
 In criminal prosecutions, the State bears the burden of proving a defendant's prior record level. Since 2014, our General Assembly has distinguished possession of
 
 marijuana
 

 *863
 
 paraphernalia, a Class 3 misdemeanor, from possession of paraphernalia related to other drugs, a Class 1 misdemeanor. Where the State fails to prove a pre-2014 possession of paraphernalia conviction was for non-marijuana paraphernalia, a trial court errs in treating the conviction as a Class 1 misdemeanor. Upon careful review, we conclude the State failed to meet its burden to prove Defendant Teman Tavoi McNeil's 2012 "possession of
 
 *341
 
 drug paraphernalia" conviction was related to a drug other than marijuana, and remand this case for resentencing at the appropriate prior record level.
 

 BACKGROUND
 

 On 21 August 2017, Defendant, Teman Tavoi McNeil, was convicted of Non-Felonious Breaking or Entering, Felonious Larceny, and Felonious Possession of Goods Stolen Pursuant to a Breaking or Entering. During sentencing, the State argued Defendant was a prior record Level V with 14 points for felony sentencing purposes. Defendant did not stipulate to any of the underlying convictions or to his prior record level. The sole evidence the State presented at Defendant's sentencing hearing was a certified copy of his DCI Computerized Criminal History Report. The DCI Report lists all of Defendant's prior convictions, including the date, disposition, and docket number for each of Defendant's previous offenses. One listed offense is a 2012 conviction for Possession of Drug Paraphernalia in violation of N.C.G.S. § 90-113.22.
 

 After hearing from both parties and reviewing Defendant's DCI Report, the Superior Court determined Defendant had 14 prior record points. This calculus included one point for Defendant's 2012 paraphernalia conviction, which the court calculated as a Class 1 misdemeanor. Consequently, the trial court assigned Defendant a prior record Level V, and sentenced him to an active sentence at the top of the aggravated range of 19 to 32 months imprisonment for felonious larceny. Had Defendant been sentenced with only 13 points, he would have been assigned a prior record Level IV and his maximum sentence for this class of felony would have been an active sentence of 14 to 26 months. N.C.G.S. § 15A-1340.17(c) - (d) (2017).
 

 ANALYSIS
 

 The specific issue that we address for the first time in a published opinion
 
 [1]
 
 here is whether Defendant's 2012 conviction for possession of drug paraphernalia was correctly treated as a Class 1 misdemeanor for prior record level purposes. "The determination of an offender's prior record level is a conclusion of law that is subject to
 
 de novo
 
 review on appeal."
 
 State v. Bohler
 
 ,
 
 198 N.C. App. 631
 
 , 633,
 
 681 S.E.2d 801
 
 , 804 (2009),
 
 disc. review denied
 
 , 28 January 2010 Order (not published), --- N.C. ----,
 
 691 S.E.2d 414
 
 (Mem) (2010). Additionally, "it is not necessary that an
 
 *342
 
 objection be lodged at the sentencing hearing" in order for the claim to be preserved for appeal.
 

 Id.
 

 The paraphernalia charge in question was counted as a Class 1 misdemeanor, but Defendant argues it should have been counted as a Class 3 misdemeanor and therefore excluded from his prior record level calculus. N.C.G.S. § 15A-1340.14(b)(5) (2017). We find Defendant's argument persuasive and remand for a new sentencing hearing with a prior record Level IV.
 

 Defendant's prior offenses must be calculated according to their assigned classification as of February 2016, the date of Defendant's offenses in the immediate case. N.C.G.S. § 15A-1340.14(c) (2017) ("In determining [a defendant's] prior record level, the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed."). Defendant was convicted for possession of drug paraphernalia in violation of N.C.G.S. § 90-113.22 on 13 March 2012. As of that date, N.C.G.S. § 90-113.22 was the sole criminal statute regarding all drug paraphernalia possession. However, in 2014 our General Assembly enacted N.C.G.S. § 90-113.22A, Possession of Marijuana
 
 *864
 
 Paraphernalia. N.C.G.S. § 90-113.22A (2017). As of the date of Defendant's offenses in this case, possession of
 
 marijuana
 
 paraphernalia was a Class 3 misdemeanor while possession of other drug paraphernalia remained a Class 1 misdemeanor.
 
 Compare
 
 N.C.G.S. § 90-113.22A
 
 with
 
 § 90-113.22. Thus, our determination of whether the trial court correctly calculated Defendant's prior record level is dependent upon whether Defendant's 2012 possession of paraphernalia conviction was related to marijuana or another drug, and whether the State met its burden of proving Defendant's prior record level.
 

 "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists ...." N.C.G.S. § 15A-1340.14(f) (2017). The existence of a prior conviction can be proven by stipulation, production of relevant records, or through "any other method found by the court to be reliable."
 

 Id.
 

 During the sentencing hearing, Defendant did not stipulate to his prior convictions, there was no specific mention of the paraphernalia charge, and the only evidence proffered by the State was a certified copy of Defendant's DCI Computerized Criminal History Report. The DCI Report is included in the Addendum to the Record on Appeal but sheds no light on whether Defendant's paraphernalia charge was related to marijuana or another drug. The DCI Report simply shows that Defendant was arrested and convicted for possession of drug paraphernalia in 2012. In sum, the State proved Defendant's record included a conviction for possession of drug paraphernalia,
 
 *343
 
 but failed to prove whether that charge was related to marijuana or another drug, and therefore whether the conviction was for a Class 1 or Class 3 misdemeanor.
 

 Reviewing the determination of Defendant's prior record level
 
 de novo
 
 , it is apparent the State failed to meet its burden of proving at the sentencing hearing that Defendant's prior conviction for possession of drug paraphernalia was a Class 1 misdemeanor. When the trial court fails to properly determine a defendant's prior sentencing level, the matter must be remanded for resentencing at the correct sentencing level.
 
 See
 

 State v. Jeffery
 
 ,
 
 167 N.C. App. 575
 
 , 582,
 
 605 S.E.2d 672
 
 , 676 (2004) (remanding for resentencing where the State failed to prove the defendant's prior record level by a preponderance of the evidence). Therefore, this matter must be remanded and Defendant resentenced at the appropriate prior record level, IV.
 

 CONCLUSION
 

 The State failed to prove Defendant's 2012 conviction for possession of drug paraphernalia was a Class 1 misdemeanor, but the trial court assigned one point to Defendant's prior record level for that conviction. That error resulted in Defendant being sentenced more harshly than he would have been under his proven prior record level. Therefore, this case must be remanded and Defendant resentenced as a prior record Level IV.
 

 REMANDED FOR RESENTENCING.
 

 Judges STROUD and ZACHARY concur.
 

 [1]
 

 See
 

 State v. Dent
 
 , No. COA17-857, --- N.C. App. ----,
 
 811 S.E.2d 247
 
 ,
 
 2018 WL 1386605
 
 , *6-*7 (N.C. Ct. App. Mar. 20, 2018) (unpublished);
 
 State v. McCurry
 
 , No. COA17-169, --- N.C. App. ----,
 
 806 S.E.2d 703
 
 ,
 
 2017 WL 5586601
 
 , *9-*10 (N.C. Ct. App. Nov. 21, 2017) (unpublished).