HAMPSON, Judge.
 

 *383
 

 Factual and Procedural Background
 

 James Brown Green, Jr. (Defendant) appeals from his convictions for Possession of a Firearm by a Felon, Possession with Intent to Sell/Deliver Cocaine (PWISD Cocaine), Possession of Drug Paraphernalia, and having attained the status of a Habitual Felon. Relevant to this appeal, the Record before us tends to show the following:
 

 On 7 August 2017, a Craven County Grand Jury returned true Bills of Indictment charging Defendant with one count of PWISD Cocaine, Possession of Drug Paraphernalia, Possession of a Firearm by a Felon, and attaining Habitual-Felon status. Pursuant to a plea agreement, Defendant entered an
 
 Alford
 
 plea
 
 [1]
 
 to all four charges on 24 April 2018. As recorded on the Transcript of Plea, the parties' plea agreement provided that Defendant's offenses would be consolidated for judgment into one habitual-felon sentence and that Defendant would receive an "active sentence of 87-117 months bottom mitigated."
 

 Defendant stipulated to a Prior-Record-Level Worksheet (Worksheet) presented by the State that listed Defendant's prior convictions in North Carolina. The Worksheet disclosed a total of 19 points, making
 
 *384
 
 Defendant a prior-record level VI offender for sentencing purposes. Relevant to this appeal, the Worksheet listed three prior convictions that Defendant contends were erroneously classified: (1) 1994 Possession of Drug Paraphernalia, classified as a Class 1 misdemeanor; (2) 1993 Maintaining a Vehicle/Dwelling for the use or storage of controlled substances, classified as a Class I felony; and (3) 1993 Carrying Concealed Weapon, classified as a Class 1 misdemeanor. The State also submitted, as exhibits, copies of three prior judgments, which were used for the Habitual-Felon Indictment. One of these judgments showed that the 1993 Maintaining-a-Vehicle/Dwelling conviction constituted a violation of
 
 N.C. Gen. Stat. § 90-108
 
 . According to this judgment, the conviction was classified as a misdemeanor but did not include the specific class of misdemeanor.
 

 After conducting a plea colloquy with Defendant and after hearing the Prosecution's summary of the factual basis for the plea, the trial court accepted Defendant's
 
 Alford
 
 plea. The trial court then sentenced Defendant to the agreed-upon prison term of 87 to 117 months, which was in the mitigated range based on Defendant's class of offense and prior-record level as calculated on the Worksheet. Defendant timely filed his Notice of Appeal on 30 April 2018.
 

 *614
 

 Jurisdiction
 

 Defendant's appeal is properly before this Court pursuant to Section 15A-1444(a2)(1) of our General Statutes.
 
 See
 
 N.C. Gen. Stat. § 15A-1444(a2)(1) (2017) (providing "[a] defendant who has entered a plea of guilty ... is entitled to appeal as a matter of right the issue of whether the sentence imposed ... [r]esults from an incorrect finding of the defendant's prior record level").
 

 Issue
 

 The sole issue on appeal is whether the trial court erred in calculating Defendant's prior-record level by (1) including Defendant's 1994 Possession-of-Drug-Paraphernalia conviction in Defendant's prior-record-level calculation; (2) classifying Defendant's 1993 Maintaining-a-Vehicle/Dwelling conviction as a Class I felony; and (3) counting Defendant's 1993 Carrying-Concealed-Weapon conviction as a Class 1 misdemeanor.
 
 [2]
 

 *385
 

 Analysis
 

 I. Standard of Review
 

 "The determination of an offender's prior record level is a conclusion of law that is subject to
 
 de novo
 
 review on appeal."
 
 Bohler
 
 , 198 N.C. App. at 633, 681 S.E.2d at 804 (citation omitted). "Under a
 
 de novo
 
 review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."
 
 State v. Williams
 
 ,
 
 362 N.C. 628
 
 , 632-33,
 
 669 S.E.2d 290
 
 , 294 (2008) (citation and quotation marks omitted).
 

 II. Prior-Record Level
 

 Generally, "[t]he prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions[.]" N.C. Gen. Stat. § 15A-1340.14(a) (2017). "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction."
 

 Id.
 

 § 15A-1340.14(f). "In determining [a defendant's] prior record level, the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed."
 

 Id.
 

 § 15A-1340.14(c). Standing alone, a sentencing worksheet prepared by the State listing a defendant's prior convictions is insufficient proof of those convictions.
 
 State v. Alexander
 
 ,
 
 359 N.C. 824
 
 , 827,
 
 616 S.E.2d 914
 
 , 917 (2005). Rather, prior convictions can be proven by any of the following methods:
 

 (1) Stipulation of the parties.
 

 (2) An original or copy of the court record of the prior conviction.
 

 (3) A copy of records maintained by the Department of Public Safety, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
 

 (4) Any other method found by the court to be reliable.
 

 Id.
 

 § 15A-1340.14(f)(1)-(4).
 

 *386
 
 Here, the trial court, relying on the parties' stipulations, sentenced Defendant as a prior-record level VI with 19 prior-record-level points based on eight prior convictions. Defendant contends three of his prior convictions were wrongly calculated. Although neither the State nor Defendant has pointed us to
 
 State v. Arrington
 
 , we believe this precedent instructs our analysis in this case where Defendant stipulated to his prior-record level.
 
 See
 

 371 N.C. 518
 
 ,
 
 819 S.E.2d 329
 
 (2018). However, this case also illustrates certain challenges in the application of
 
 Arrington
 
 , such as where the underlying record shows a stipulation to be in error or where the stipulation is to a classification for an offense that
 
 *615
 
 conflicts with the actual classification in the applicable criminal statute.
 

 Our Court recently summarized the Supreme Court's decision in
 
 Arrington:
 

 In
 
 Arrington
 
 , the defendant entered a plea agreement and stipulated to a sentencing worksheet showing his prior offenses, including a second-degree murder conviction designated as a B1 offense. [
 
 State v. Arrington
 
 ,
 
 371 N.C. 518
 
 ,] 519, 819 S.E.2d [329,] 330 [ (2018) ]. The defendant's second-degree murder conviction stemmed from acts committed prior to 1994; however, the Legislature did not divide this crime into two classifications, B1 and B2, until after the defendant's 1994 conviction.
 

 Id.
 

 at 522-25
 
 ,
 
 819 S.E.2d at 332-34
 
 . Thus, the defendant's second-degree murder conviction could have been classified as a B1 or B2 offense, depending on certain factual circumstances existing at the time of the murder; however, the defendant did not explain the factual underpinnings of his conviction and merely stipulated to the B1 classification.
 

 Id.
 

 at 520-21
 
 ,
 
 819 S.E.2d at 330-31
 
 . This Court vacated the trial court's judgment and held that this determination-whether the second-degree murder conviction should be classified as a B1 or B2 offense for sentencing purposes-constituted a legal question to which the defendant could not stipulate.
 

 Id.
 

 at 521
 
 ,
 
 819 S.E.2d at 331
 
 (citation omitted).
 

 Our Supreme Court reversed this Court, reasoning that "[e]very criminal conviction involves facts (i.e., what actually occurred) and the application of the law to the facts, thus making the conviction a mixed question of fact and law."
 

 Id.
 

 "Consequently, when a defendant stipulates to a prior conviction on a worksheet, the defendant is admitting that certain past conduct constituted a
 
 *387
 
 stated criminal offense."
 

 Id.
 

 at 522
 
 ,
 
 819 S.E.2d at 331
 
 . "By stipulating that the former conviction of second-degree murder was a B1 offense, defendant properly stipulated that the facts giving rise to the conviction fell within the statutory definition of a B1 classification."
 

 Id.
 

 at 522
 
 ,
 
 819 S.E.2d at 332
 
 . "Thus, like a stipulation to any other conviction, when a defendant stipulates to the existence of a prior second-degree murder offense in tandem with its classification as either a B1 or B2 offense, he is stipulating that the facts underlying his conviction justify that classification."
 

 Id.
 

 at 524
 
 ,
 
 819 S.E.2d at 333
 
 . Our Supreme Court further acknowledged that "[s]tipulations of prior convictions, including the facts underlying a prior offense and the identity of the prior offense itself, are routine[,]" and that because a defendant is "the person most familiar with the facts surrounding his offense, ... this Court need not require a trial court to pursue further inquiry or make defendant recount the facts during the hearing."
 

 Id.
 

 at 526
 
 ,
 
 819 S.E.2d at 334
 
 (citation omitted).
 

 State v. Salter
 
 , --- N.C. App. ----, ----,
 
 826 S.E.2d 803
 
 , 808 (2019).
 

 In both
 
 Arrington
 
 and
 
 Salter
 
 , the respective defendants stipulated to classifications of prior offenses that were supported, at least at some level, by the applicable existing criminal statutes defining those offenses. In
 
 Arrington
 
 , our Supreme Court held the defendant stipulated to the existence of facts converting his prior second-degree murder conviction into a Class B1 offense. In
 
 Salter
 
 , applying
 
 Arrington
 
 , we held Defendant could stipulate to a factual underpinning that supported converting his no-operator's-license violation into a Class 2 misdemeanor under the applicable statutes. The case currently before us presents three additional scenarios implicating
 
 Arrington
 
 : first, where
 
 Arrington
 
 most clearly applies; second, where
 
 Arrington
 
 should not apply; and third, where
 
 Arrington
 
 could apply.
 

 A. 1994 Possession-of-Drug-Paraphernalia Conviction
 

 Defendant first argues the trial court erred in counting his 1994 Possession-of-Drug-Paraphernalia conviction as a Class 1 misdemeanor. Prior to 2014 and thus at the time of Defendant's 1994 Possession-of-Drug-Paraphernalia conviction, our General Statutes only contained one classification for possession of drug paraphernalia-Class 1 misdemeanor; however, in 2014, our Legislature divided possession of drug paraphernalia into two offenses.
 
 See
 
 2014 N.C. Sess. Law 119,
 
 *388
 
 § 3 (N.C. 2014). Under this new statutory
 
 *616
 
 scheme, possession of
 
 marijuana
 
 paraphernalia is a Class 3 misdemeanor; whereas, possession of
 
 non-marijuana
 
 drug paraphernalia remains a Class 1 misdemeanor.
 
 Compare
 

 N.C. Gen. Stat. § 90-113
 
 .22A (2017) (possession of marijuana paraphernalia),
 
 with
 
 id.
 

 § 90-113.22 (2017) (possession of non-marijuana drug paraphernalia). Defendant contends that because "the State presented no evidence that [Defendant's] prior conviction for possession of drug paraphernalia ... was for non-marijuana paraphernalia[,]" this conviction should not have been included in his prior-record-level calculation.
 
 See
 

 id.
 

 § 15A-1340.14(b)(5) (excluding Class 3 misdemeanors from a defendant's prior-record-level calculus). We, however, disagree and conclude
 
 Arrington
 
 controls, as Defendant's stipulation falls within
 
 Arrington
 
 's ambit.
 

 Here, on the Worksheet, Defendant-as "the person most familiar with the facts surrounding his offense"-stipulated that his 1994 Possession-of-Drug-Paraphernalia conviction was classified as a Class 1 misdemeanor.
 
 Arrington
 
 ,
 
 371 N.C. at 526
 
 ,
 
 819 S.E.2d at 334
 
 (citation omitted). Thus, Defendant was "stipulating that the facts underlying his conviction justify that classification."
 

 Id.
 

 at 524
 
 ,
 
 819 S.E.2d at 333
 
 . Therefore, under
 
 Arrington
 
 , we conclude there was no error in the trial court's inclusion of one record point based on Defendant's stipulation to the 1994 Possession-of-Drug-Paraphernalia conviction being classified as a Class 1 misdemeanor.
 
 See
 

 id.
 

 Defendant contends
 
 State v. McNeil
 
 requires a different result.
 
 McNeil
 
 held: "Where the State fails to prove a pre-2014 possession of paraphernalia conviction was for non-marijuana paraphernalia, a trial court errs in treating the conviction as a Class 1 misdemeanor." --- N.C. App. ----, ----,
 
 821 S.E.2d 862
 
 , 863,
 
 temporary stay allowed
 
 , --- N.C. ----,
 
 820 S.E.2d 519
 
 (2018). However, there is a crucial distinction between
 
 McNeil
 
 and the case
 
 sub judice
 
 -the defendant in
 
 McNeil
 
 never stipulated to his prior-record level.
 
 See
 

 id.
 

 at ----,
 
 821 S.E.2d at 864
 
 ("During the sentencing hearing, Defendant did not stipulate to his prior convictions, there was no specific mention of the paraphernalia charge, and the only evidence proffered by the State was a certified copy of Defendant's DCI Computerized Criminal History Report.");
 
 see also
 

 Alexander
 
 ,
 
 359 N.C. at 827
 
 ,
 
 616 S.E.2d at 917
 
 ("There is no doubt that a mere worksheet, standing alone, is insufficient to adequately establish a defendant's prior record level."). Thus,
 
 Arrington
 
 was not applicable to
 
 McNeil
 
 , which in turn has no bearing on the present case.
 

 Here, however, Defendant's stipulation to this conviction's classification is the prototypical situation to which
 
 Arrington
 
 applies. Just
 
 *389
 
 as in
 
 Arrington
 
 , at the time of Defendant's 1994 Possession-of-Drug-Paraphernalia conviction, the governing statute only had one classification for this crime.
 
 See
 

 N.C. Gen. Stat. § 90-113.22
 
 (1993) (listing all types of possession-of-drug-paraphernalia violations as a Class 1 misdemeanor);
 
 see also
 

 Arrington
 
 ,
 
 371 N.C. at 522
 
 ,
 
 819 S.E.2d at 332
 
 (explaining that at the time of the defendant's 1994 second-degree murder conviction, "all second-degree murders were classified at the same level for sentencing purposes" (citation omitted)). Again, just as in
 
 Arrington
 
 , the Legislature subsequently divided this crime into two different classifications depending on the type of drug paraphernalia possessed.
 
 See
 
 2014 N.C. Sess. Law 119, § 3 (N.C. 2014) (creating two types of possession-of-drug-paraphernalia crimes with differing classifications for sentencing purposes);
 
 see also
 

 Arrington
 
 ,
 
 371 N.C. at 522-23
 
 ,
 
 819 S.E.2d at 332
 
 (explaining the Legislature's 2012 division of second-degree murder into two separate classifications for sentencing purposes). Thereafter, Defendant was convicted of a new crime and during sentencing stipulated that his prior Possession-of-Drug-Paraphernalia conviction qualified for the higher classification for sentencing. Therefore, just as in
 
 Arrington
 
 , Defendant could and did stipulate that this classification was proper.
 
 See
 

 id.
 

 at 527
 
 ,
 
 819 S.E.2d at 335
 
 (upholding the defendant's stipulation that his prior second-degree murder conviction constituted a Class B1 conviction, which was the higher of the two classifications). For this reason, Defendant's Possession-of-Drug-Paraphernalia conviction fits squarely within
 
 Arrington
 
 .
 
 *617
 

 B. 1993 Maintaining-a-Vehicle/Dwelling Conviction
 

 Defendant also challenges the trial court's calculation of his 1993 Maintaining-a-Vehicle/Dwelling conviction. Specifically, Defendant contends the trial court committed error by assigning two points, instead of one, to the 1993 Maintaining-a-Vehicle/Dwelling conviction. The Worksheet shows the trial court counted this conviction as a Class I felony. However, Defendant points out that the judgment for this conviction, which was submitted by the State at the sentencing hearing, shows this conviction constituted a violation of
 
 N.C. Gen. Stat. § 90-108
 
 and was classified as a misdemeanor, although no specific class was designated.
 

 Section 90-108 of our General Statutes sets the penalty for maintaining a vehicle or dwelling for keeping controlled substances and provides three possible classifications of this crime for sentencing purposes-Class 1 misdemeanor, Class I felony, or Class G felony.
 
 N.C. Gen. Stat. §§ 90-108
 
 (b), -108(b)(1)-(2) (2017).
 

 *390
 
 Here, Defendant stipulated that this conviction warranted a Class I felony classification for sentencing purposes; however, the judgment, which was before the trial court, clearly shows that Defendant's conviction was a misdemeanor. Although certain language from
 
 Arrington
 
 suggests Defendant's stipulation could be proper,
 
 [3]
 
 we determine
 
 Arrington
 
 does not apply where there is clear record evidence demonstrating the parties' stipulation was an error or mistaken. Thus, when evidence (such as a certified copy of the judgment) is presented to the trial court conclusively showing a defendant's stipulation is to an incorrect classification-as is the case here-
 
 Arrington
 
 does not apply, and a reviewing court should defer to the record evidence rather than a defendant's stipulation.
 

 We find support for this position from the plain language of the governing statute. Section 15A-13.40.14(f) places the burden of proof on the State to establish a defendant's prior convictions, including the requirement: "The prosecutor shall make all feasible efforts to obtain and present to the court the offender's full record." N.C. Gen. Stat. § 15A-1340.14(f). The statute also expresses an evidentiary preference for such records:
 

 The original or a copy of the court records or a copy of the records maintained by the Department of Public Safety, the Division of Motor Vehicles, or of the Administrative Office of the Courts, bearing the same name as that by which the offender is charged, is prima facie evidence that the offender named is the same person as the offender before the court, and that the facts set out in the record are true.
 

 Id.
 

 Here, because the Record in this case, including evidence presented to the trial court, discloses that Defendant's 1993 Maintaining-a-Vehicle/Dwelling conviction was a misdemeanor and as Section 90-108 only has one misdemeanor classification (Class 1), the trial court erred by assigning two points, instead of one, to this conviction.
 

 C. 1993 Carrying-Concealed-Weapon Conviction
 

 Lastly, Defendant asserts the trial court erred in counting his 1993 Carrying-Concealed-Weapon conviction as a Class 1 misdemeanor. Here,
 
 *391
 
 again, Defendant's Worksheet lists his conviction for "Carrying Concealed Weapon" as a Class 1 misdemeanor, and Defendant stipulated to this classification. On appeal, Defendant points us to Section 14-269(c) of our General Statutes, titled "Carrying concealed weapons[,]" which provides that a defendant's first carrying-concealed-weapon offense is a Class 2 misdemeanor, while a second offense is considered a Class H felony.
 
 N.C. Gen. Stat. § 14-269
 
 (c) (2017). The State does not contest that this is the applicable statute.
 

 Defendant argues because the Worksheet does not list any convictions for carrying concealed weapon prior to the 1993 conviction, "this prior conviction was incorrectly counted, and one prior record point [was]
 

 *618
 
 incorrectly assessed." The State claims the classification of this offense depends on a question of fact-"whether the 1993 carrying a concealed weapon conviction was Defendant's first offense"-to which Defendant could and did stipulate.
 

 As discussed
 
 supra
 
 , however, Section 14-269(c) provides only two classifications for a violation of its provisions-either a Class 2 misdemeanor or Class H felony. Defendant, however, stipulated that his conviction was a Class 1 misdemeanor, which is impossible under this statute.
 

 Here is where
 
 Arrington
 
 creates a conundrum for a reviewing court. While the State offers no statutory support for this stipulation, our own research reveals there is a possible, albeit convoluted, factual scenario under which Defendant could have been convicted of a Class 1 misdemeanor for an offense that could be referred to in shorthand as "Carrying Concealed Weapon." Specifically, Section 14-415.21(a1) of our General Statutes provides: "A person who has been issued a valid [concealed-carry] permit who is found to be carrying a concealed handgun in violation of subsection (c2) of [N.C. Gen. Stat. §] 14-415.11 shall be guilty of a Class 1 misdemeanor."
 
 N.C. Gen. Stat. § 14-415.21
 
 (a1) (2017). In turn, Section 14-415.11(c2) prohibits the carrying of a concealed handgun while consuming alcohol.
 

 Id.
 

 § 14-415.11(c2) (2017). Therefore, a scenario exists under which Defendant's stipulation could be possible and thus upheld under
 
 Arrington
 
 and
 
 Salter
 
 , where we found statutory support for the classification of the offense under the applicable statutes. However, we do not believe the intent of
 
 Arrington
 
 was to require a reviewing court to undertake
 
 sua sponte
 
 a voyage of discovery through our criminal statutes to locate a possibly applicable statute and imagine factual scenarios in which it could apply. Rather, we defer to the parties who stipulated to the prior conviction as to what statute applies. Therefore, because Section 14-269 does not provide for a violation of
 
 *392
 
 its provisions to be classified as a Class 1 misdemeanor, we conclude
 
 Arrington
 
 is inapplicable and that the trial court erred in accepting Defendant's stipulation.
 

 Having determined that Defendant's stipulation was invalid, the only remaining question is the effect of our holding on Defendant's guilty plea. Assuming, as we must on the Record and arguments before us, Defendant is correct in that this prior conviction should have been classified as a Class 2 misdemeanor, the trial court's miscalculation of this conviction and the Maintaining-a-Vehicle/Dwelling conviction (discussed in part B above) was not harmless, as Defendant's prior-record-level points would be reduced to 17, making him a prior-record level V.
 
 See
 

 id.
 

 § 15A-1340.14(b)(5) (excluding Class 2 misdemeanors from a defendant's prior-record-level calculus);
 
 cf.
 

 State v. Smith
 
 ,
 
 139 N.C. App. 209
 
 , 220,
 
 533 S.E.2d 518
 
 , 524 (2000) (holding that error in calculating prior-record-level points is harmless if it does not affect the ultimate prior-record-level determination).
 

 Defendant, thus, contends we should simply remand for resentencing at prior-record level V. We disagree because Defendant's sentence was imposed as part of a plea agreement, which Defendant has successfully repudiated. Rather, the plea agreement must be set aside in its entirety, and the parties may either agree to a new plea agreement or the matter should proceed to trial on the original charges in the indictments.
 
 See, e.g.
 
 ,
 
 State v. Rico
 
 ,
 
 218 N.C. App. 109
 
 , 122,
 
 720 S.E.2d 801
 
 , 809 (Steelman, J., dissenting) (concluding judgment should be vacated, guilty plea set aside, and the case remanded for disposition of original charges where trial court erroneously imposed aggravated sentence based solely on defendant's guilty plea and stipulation as to aggravating factor),
 
 rev'd per curiam for reasons stated in dissent
 
 ,
 
 366 N.C. 327
 
 ,
 
 734 S.E.2d 571
 
 (2012).
 

 Conclusion
 

 Accordingly, for the foregoing reasons, we vacate the Judgment against Defendant and set aside the plea agreement in its entirety. We remand to the trial court for further proceedings on the charges contained in the indictments, including trial, if necessary.
 

 VACATED AND REMANDED.
 

 Judges DILLON and MURPHY concur.
 

 [1]
 

 See
 

 North Carolina v. Alford
 
 ,
 
 400 U.S. 25
 
 , 37-39,
 
 91 S.Ct. 160
 
 , 167-68,
 
 27 L. Ed. 2d 162
 
 , 171-72 (1970) (allowing a defendant to plead guilty while maintaining his factual innocence).
 

 [2]
 

 Although Defendant did not object to the trial court's prior-record-level calculation, we note this issue is automatically preserved for appellate review pursuant to our General Statutes and established case law.
 
 See
 
 N.C. Gen. Stat. § 15A-1446(d)(18) (2017) ;
 
 see also
 

 State v. Meadows
 
 ,
 
 371 N.C. 742
 
 , 747,
 
 821 S.E.2d 402
 
 , 406 (2018) (recognizing arguments "that '[t]he sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law' " are statutorily preserved (citing N.C. Gen. Stat. § 15A-1446(d)(18) ));
 
 State v. Bohler
 
 ,
 
 198 N.C. App. 631
 
 , 633,
 
 681 S.E.2d 801
 
 , 804 (2009) ("It is not necessary that an objection be lodged at the sentencing hearing in order for a claim that the record evidence does not support the trial court's determination of a defendant's prior record level to be preserved for appellate review." (citations omitted)).
 

 [3]
 

 See
 

 Arrington
 
 , 371 N.C. at 526,
 
 819 S.E.2d at 334
 
 (explaining that once a defendant stipulated to a prior conviction's classification, a trial court need not "pursue further inquiry or make defendant recount the facts during the [sentencing] hearing" (citation omitted)).