IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-147

No. COA20-462

Filed 20 April 2021

Union County, Nos. 17CRS52063-66, 17CRS52075

STATE OF NORTH CAROLINA

v.

JONATHAN JOSE POSNER

Appeal by Defendant from judgments entered 11 December 2019 by Judge Alma Hinton in Franklin County Superior Court. Heard in the Court of Appeals 24 March 2021.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Ebony Pittman, for the State-Appellee.*
>
> *Edward Eldred for Defendant-Appellant.*

COLLINS, Judge.

¶ 1    Defendant appeals from judgments entered upon pleas of guilty to five felonies, including felony larceny of property taken pursuant to a breaking or entering and larceny of a firearm. Defendant contends that the trial court erred by sentencing him for the two larceny convictions as they were part of the same transaction and by miscalculating his prior record level during sentencing. We remand with instructions to arrest judgment on one of the larceny convictions and for a new sentencing hearing.

## I.    Factual and Procedural Background

Defendant Jonathan Posner pled guilty on 11 December 2019 to robbery with a dangerous weapon, felony breaking or entering, felony larceny of property taken pursuant to a breaking or entering, felony larceny of a firearm, possession of a firearm by a felon, and felony speeding to elude arrest.

The trial court accepted Defendant's plea and entered a consolidated judgment for the felony breaking or entering and felony larceny pursuant to a breaking or entering, and separate judgments for each of the remaining offenses. One felony prior record level worksheet was completed, which calculated Defendant to be a prior record level V with fifteen prior points. The trial court sentenced Defendant to 178 to 263 months in prison. Defendant entered timely notice of appeal and filed a petition for writ of certiorari on 10 August 2020.

## II.    Discussion

### A. Larceny

Defendant petitions this Court to issue a writ of certiorari to address whether the trial court erred by entering judgments for both felony larceny of property taken pursuant to a breaking or entering and felony larceny of a firearm because both larcenies were a part of a "single taking" in the same transaction at the same time and place.

Defendant pled guilty to these larceny offenses and has no statutory right to

challenge this issue on appeal. *See* N.C. Gen. Stat. § 15A-1444(a2) (2019). Defendant may, however, "petition the appellate division for review by writ of certiorari." *Id.* at § 15A-1444(e) (2019).

¶ 6        The State argues that this Court cannot grant Defendant's petition for writ of certiorari because our Rules of Appellate Procedure allow this Court to issue a writ of certiorari only where "the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C. [Gen. Stat. §] 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief." N.C. R. App. P. 21(a)(1). The State's argument has been rejected by our North Carolina Supreme Court. *See State v. Ledbetter,* 371 N.C. 192, 814 S.E.2d 39 (2018); *State v. Thomsen,* 369 N.C. 22, 789 S.E.2d 639 (2016); *State v. Stubbs,* 368 N.C. 40, 770 S.E.2d 74 (2015).

¶ 7        The General Assembly has given this Court jurisdiction to issue a writ of certiorari "in aid of its own jurisdiction[.]" N.C. Gen. Stat. § 7A-32(c) (2019). "[W]hile Rule 21 might appear at first glance to limit the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given to that court by the General Assembly in accordance with the North Carolina Constitution." *Stubbs,* 368 N.C. at 44, 770 S.E.2d at 76. Where, as here, "a valid statute gives the Court of Appeals jurisdiction to issue a writ of certiorari, Rule 21 cannot take it away." *Ledbetter,* 371 N.C. at 196, 814 S.E.2d at 42 (quoting *Thomsen,* 369 N.C. at 27, 789 S.E.2d at 643). Accordingly,

this Court has jurisdiction to grant Defendant's petition for writ of certiorari.

¶ 8 "A petition for the writ must show merit or that error was probably committed below. Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Rouson,* 226 N.C. App. 562, 563-64, 741 S.E.2d 470, 471 (2013) (quotation marks and citation omitted). As Defendant's petition shows merit and the consequences of the sentencing error are significant, we exercise our discretion for good and sufficient cause to grant the petition.

¶ 9 Defendant contends that the "single taking rule" prevents him from being convicted for both larceny offenses because they were part of the same transaction at the same time and place. We agree.

¶ 10 "The 'single taking rule' prevents a defendant from being charged or convicted multiple times for a single continuous act or transaction." *State v. Buchanan,* 262 N.C. App. 303, 306, 821 S.E.2d 890, 892 (2018) (citations omitted). "[A] single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place." *State v. Adams,* 331 N.C. 317, 333, 416 S.E.2d 380, 389 (1992) (quoting *State v. Froneberger,* 81 N.C. App. 398, 401, 344 S.E.2d 344, 347 (1986)).

¶ 11 The State concedes that on the merits of Defendant's argument, Defendant is entitled to have judgment arrested on one larceny conviction because the larcenies were part of the same transaction. The State's evidence showed that Defendant took

jewelry, a money clip, and a firearm from the same room of the victim's residence during the commission of a single breaking or entering on 9 November 2017. Thus, Defendant was improperly charged, convicted, and sentenced for both felony larceny of property pursuant to a breaking or entering and felony larceny of a firearm because the takings occurred at the same time and place as part of one continuous act. *See State v. Marr,* 342 N.C. 607, 613, 467 S.E.2d 236, 239 (1996) ("Although there was evidence of two enterings, the taking of the various items was all part of the same transaction. We arrest judgment on two of the convictions of larceny."). We remand with instructions for the Superior Court to arrest judgment upon one of the larceny convictions.

**B. Prior Record Level**

¶ 12        Defendant next contends that his sentence was based on an incorrect finding of his prior record level. Specifically, Defendant argues that the trial court miscalculated his prior record level by assigning one point for a prior conviction of possession of drug paraphernalia and one additional point based on prior convictions involving the same elements in three of his judgments.

¶ 13        Defendant is entitled to appeal as a matter of right whether his sentence was based on an incorrect finding of his prior record level. N.C. Gen. Stat. § 15A-1444(a2)(1). The determination of a defendant's prior record level is a conclusion of law that is subject to *de novo* review on appeal. *State v. McNeil,* 262 N.C. App. 340,

341, 821 S.E.2d 862, 863 (2018) (citation omitted).

### 1. *Prior Conviction*

A defendant's prior record level is determined by calculating the sum of the points assigned to each of the defendant's prior convictions. N.C. Gen. Stat. § 15A-1340.14(a) (2019). Convictions for Class 1 misdemeanors are assigned one point, while no points are assigned for Class 3 misdemeanor convictions. N.C. Gen. Stat. § 15A-1340.14(b)(5). When determining a defendant's prior record level, "the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed." N.C. Gen. Stat. § 15A-1340.14(c). The State has the burden of proving a defendant's prior convictions by a preponderance of the evidence. N.C. Gen. Stat. § 15A-1340.14(f).

The trial court assigned one point for a 7 June 2012 conviction for possession of drug paraphernalia. At the time of that conviction, the offense of possession of drug paraphernalia was a Class 1 misdemeanor. *See* N.C. Gen. Stat. § 90-113.22 (2012). However, in 2014, possession of marijuana drug paraphernalia became a Class 3 misdemeanor. *See* N.C. Gen. Stat. § 90-113.22A (2017); *see also McNeil,* 262 N.C. App. at 342, 821 S.E.2d at 863-64 (discussing the legislative history of possession of drug paraphernalia). Accordingly, when Defendant committed the offenses in the case *sub judice* on 9 November 2017, possession of marijuana drug paraphernalia was a Class 3 misdemeanor for which no points could be assigned.

¶ 16    The State conceded to the trial court that Defendant's prior conviction was "a marijuana paraphernalia" and that "in light of the law today" it would be a Class 3 misdemeanor.[1]  The State failed to meet its burden of showing that Defendant's 2012 possession of drug paraphernalia conviction should be considered a Class 1 misdemeanor.  *See McNeil,* 262 N.C. App. at 340, 821 S.E.2d at 863 ("Where the State fails to prove a pre-2014 possession of paraphernalia conviction was for non-marijuana paraphernalia, a trial court errs in treating the conviction as a Class 1 misdemeanor.").  The trial court erred by assigning Defendant one prior point in all five judgments for his conviction of possession of drug paraphernalia.

## 2.  *All Elements in a Prior Offense*

¶ 17    Defendant next argues that the trial court erred by assigning one additional point based on his prior convictions when it calculated his prior record level.

¶ 18    A trial court may add one point if "all the elements of the present offense are included in any prior offense."  N.C. Gen. Stat. § 15A-1340.14(b)(6) (2019).  Where a trial court uses the same felony prior record level worksheet to determine a defendant's prior record level for two or more sentences, the worksheet must accurately reflect the defendant's prior record level for each sentence.  *State v. Mack,*

---

[1] Although the relevant inquiry is the classification of Defendant's prior conviction on 9 November 2017, the date the offense for which he was being sentenced was committed, rather than 11 December 2019, the date Defendant pled guilty, the relevant portions of N.C. Gen. Stat. §§ 90-113.22 and 90-113.22A were not altered or modified between these dates.

188 N.C. App. 365, 380, 656 S.E.2d 1, 12 (2008).

¶ 19    In the present case, the trial court entered five separate judgments and used the same felony prior record level worksheet for each judgment. Defendant had fifteen prior convictions, including convictions for possession of a firearm by a felon and felony breaking or entering. The trial court gave Defendant an additional point because "all of the elements of the present offense are included in a prior offense[,]" pursuant to N.C. Gen. Stat. § 15A-1340.14(b)(6).

¶ 20    The trial court did not err by giving Defendant an additional point for the present offenses of possession of a firearm by a felon and felony breaking or entering. However, because the elements of the present offenses of larceny of a firearm, speeding to elude arrest, and robbery with a dangerous weapon are not included in any of his prior offenses, the trial court erred by assigning an additional felony record point for the judgments entered upon those convictions.

### 3. *Prejudice*

¶ 21    "This Court applies a harmless error analysis to improper calculations of prior record level points." *State v. Lindsey,* 185 N.C. App. 314, 315, 647 S.E.2d 473, 474 (2007) (citations omitted). If the trial court sentences a defendant under the proper record level, despite the improper calculation, the defendant suffers no prejudice and the error is harmless. *See State v. Smith,* 139 N.C. App. 209, 220, 533 S.E.2d 518, 524 (2000) ("[B]ecause defendant was correctly found to have nine prior record points,

the erroneous finding of a tenth point based on his probationary status was harmless and defendant was correctly determined to have a prior record level of IV.").

Here, the trial court erroneously added one point to all five judgments based on Defendant's prior conviction for possession of drug paraphernalia. The trial court also erroneously added one point to Defendant's judgments for larceny of a firearm, speeding to elude arrest, and robbery with a dangerous weapon, because it improperly found that "all of the elements of the present offense are included in a prior offense." The combined effect of these two errors prejudiced Defendant because he should have been given thirteen prior record points and sentenced as a Level IV, instead of a Level V, for his convictions of felony larceny of a firearm, felony speeding to elude arrest, and felony robbery with a dangerous weapon. *See* N.C. Gen. Stat. § 15A-1340.14(c).[2] We remand those judgments for a new sentencing hearing.

## III. Conclusion

We remand for the trial court to arrest judgment on either felony larceny pursuant to a breaking or entering or felony larceny of a firearm. We remand the convictions for felony larceny of a firearm (if judgment is not arrested), felony speeding to elude arrest, and felony robbery with a dangerous weapon for

---

[2] The erroneous addition of one point in Defendant's judgments for possession of a firearm by a felon and felony breaking or entering was harmless because even when the erroneous point is subtracted, Defendant remains a Level V with fourteen prior record points. *See* N.C. Gen. Stat. § 15A-1340.14(c)(5) ("Level V - At least 14, but no more than 17 points.")

resentencing as a record level IV.  We remand the conviction for felony breaking or entering for resentencing as it was consolidated with the felony larceny of a firearm conviction.

JUDGMENT ARRESTED IN PART AND REMANDED FOR RESENTENCING.

Judges DILLON and ZACHARY concur.